Irvin and others vs. Smith.

*January 15 — March 1, 1887.*

*(1) Appeal to S. C.: Form of notice. (2) Execution: Correcting sheriff's return: Evidence.*

1. Under sec. 3049, R. S., the notice of an appeal from an order or judgment need not specifically state that it is "from the whole thereof."
2. Defendant in replevin had judgment for a return of the property taken on the writ or, if a return could not be had, for its value. The officer to whom execution was issued made return thereof to the effect that a return of the property could not be had and that the execution was unsatisfied. Assuming that upon a proper showing the trial court might direct such return to be corrected or amended (a point not determined), it is *held* upon the evidence that such return was true and that no amendment should be made.

APPEAL from the Circuit Court for *Door* County.

Replevin. The cause was before this court on a former appeal, and is reported in 66 Wis. 113. After the circuit

Irvin and others vs. Smith.

court had, by the order or judgment there appealed from, directed that the execution be recalled, such execution was returned to the clerk by the sheriff with the following indorsement thereon:

"*Door County* — *ss.* In accordance with the annexed order of court recalling the within execution I return the same unsatisfied. ARNOLD WAGENER, Sheriff of Door County, Wis."

After the reversal of such order or judgment on such former appeal the plaintiffs moved in the circuit court that the recital contained in the notice of sale of land on the execution (referred to in the opinion 66 Wis. 119), to the effect that a return of the property could not be had, be quashed and stricken out as untrue in fact and a mere inadvertent statement; also that the word "unsatisfied" be stricken out in the return indorsed upon the back of the execution, so as to make the same show, as the fact is alleged to be, that the sheriff merely returned said execution pursuant to and in obedience to the order or judgment of the court recalling the same. The circuit court granted the motion, and from the order entered accordingly the defendant appealed.

The cause was submitted for the appellant on the brief of *O. E. & Y. V. Dreutzer* and *John J. Tracy,* and for the respondents on that of *Wm. H. Timlin.*

To the point that if the sheriff's return is incorrect the court has no power to correct it or compel its correction, counsel for the appellant cited Freeman on Executions, 358, 361; *Gaubot v. Du Crouy,* 2 Dowl. P. Cas. 86; *Evans v. Parker,* 20 Wend. 622; 1 Carr. & M. 772; *Wash. Mill Co. v. Kinnear,* 1 Wash. Ter. 99; *Humphries v. Lawson,* 7 Ark. 341; *Sawyer v. Curtis,* 2 Ashm. (Pa.), 127; *Whitaker v. Sumner,* 19 Am. Dec. 298; *Gardner v. Hosmer,* 6 Mass. 325; *Stevens v. Brown,* 23 Am. Dec. 215; *Townsend v. Olin,* 5 Wis. 207; Crocker on Sheriffs, sec. 46; *Stinson v. Snow,* 25 Am. Dec.

238; *S. C.* 10 Me. 263; *Taylor v. Lewis*, 19 Am. Dec. 135; *S. C.* 2 J. J. Marsh. 400; *Blythe v. Richards*, 13 Am. Dec. 672; *S. C.* 10 Serg. & R. 261; *Deller v. Roberts*, 15 Am. Dec. 578; *S. C.* 13 Serg. & R. 60; *Bank of Gallipolis v. Domigan*, 12 Ohio, 220; *Bank of Utica v. Mersereau*, 3 Barb. Ch. 528; *Piper v. Elwood*, 4 Denio, 165; 61 Ind. 478; 5 Barb. 110; 11 id. 481; 5 Cal. 53; *Holt v. Robinson*, 56 Am. Dec. 240.

To the point that the return of a sheriff may upon proper proofs be quashed or corrected upon application by a sheriff, or by a purchaser or a party, counsel for the respondents cited 2 Phillips on Evi. (Cowen & Hill's notes), page 376, ch. 5, and cases cited; *McMichael v. Bank of Montgomery*, 14 Ala. 498; *Forsyth v. Mariott*, 1 Bos. & P. 251; *Burks v. Maine*, 16 East, 2; *Williams v. Rogers*, 5 Johns. 163; *Flanagan v. Tinin*, 37 How. Pr. 130.

Cole, C. J.    A motion was made to dismiss the appeal herein, which has been decided, but no opinion was given on the motion.    It is thought advisable to state here our views upon the question of practice involved in the motion. The ground of the motion was that no notice of appeal such as is required by law was ever served.    After entitling the cause, the notice states "that the defendant appeals to the supreme court from the order of the circuit court entered on the 26th day of July, 1886, in the above-entitled cause." The objection to this notice is that it fails to state whether the appeal is from the whole or some part of the order.    The statute requires a notice in writing to be served on the adverse party and on the clerk of the court in which the judgment or order appealed from is entered, "stating the appeal from the same, and whether the appeal is from the whole or some part thereof; and if from a part only, specifying the part appealed from."    Sec. 3049, R. S.    Now, when a party appeals from an entire order or judgment, it

Irvin and others vs. Smith.

is said the notice must state that the appeal is from " *the whole thereof*," or the notice will be defective. We do not think that this is the meaning of the statute. Where the appeal is from an order or a judgment, the necessary implication is that it is from the whole of the order or judgment. Saying, in such a case, that the appeal is from the " whole thereof," is mere tautology and adds nothing to the sense. The object of the statute is, where an appeal is from a part of an order or judgment, that the notice shall specify the part appealed from. But no such statement is necessary when the appeal is from an order or judgment, because, as we have said, the plain implication is that the appeal is from the whole of such order or judgment. For these reasons we deem the notice of appeal in this case sufficient. In *Olinger v. Liddle*, 55 Wis. 621, which counsel relied on to support his motion to dismiss, there was an attempt to include two judgments, in one appeal. It was claimed that the statement in the notice that the appellant " appeals from the whole and every part thereof " referred only to one judgment. But this court held that the specification referred to both judgments, and that both could be reviewed were such appeals admissible. The decision has no particular application to this case.

The order appealed from in this case directed that the recital contained in the notice of sale of land on execution, referred to in the opinion of this court (66 Wis. 119), to the effect that a return of the property could not be had, be quashed and stricken out; also that the return of the sheriff on the back of the execution be corrected by striking therefrom the word " unsatisfied."

The sheriff was not a party to this proceeding, nor did he ask that his return be corrected because it was false or not according to the real facts; and the counsel for the appellant insists that the court had no power whatever to quash the return made on the execution by the sheriff, with-

out the request of that officer. He says the return was conclusive upon the parties, and that even upon the application of the sheriff himself he would not be allowed to impeach or contradict it. The officer is responsible for his return, and if it, is false in any respect the injured party has his action for damages against him. There is a very strong intimation in the former opinion that this view of the law is correct, but under the circumstances we do not feel called upon to determine whether or not the court, on a proper showing, would have the power of directing the return to be amended, as was done here; for we are entirely satisfied upon the evidence that the property seized and taken from the appellant could not be returned, or at least was never tendered to him; therefore there was no mistake or omission to be corrected or supplied in the return as it stood originally.

Considering then the case upon the merits, as was done in the court below, the inquiry is, Do the affidavits and testimony taken before the referee justify the conclusion that the property adjudged to the appellant could not be returned to him? For unless substantially the same railroad ties, fence posts, and telegraph poles which were taken from him on the writ of replevin could be returned or tendered, the word "unsatisfied" should not have been stricken from the back of the execution. This is very obvious. What then are the facts in regard to that matter ? There is considerable contradiction in the statements of the witnesses who were examined, and in the affidavits used on both sides, on the hearing of the rule to show cause. But to our minds the decided weight of testimony clearly proves that the identical property taken from the appellant and delivered to the plaintiffs, was not found and could not be returned. Of course, it was incumbent upon the plaintiffs to show that a return of the property could be had, and that a tender of it was made. The property was

Irvin and others vs. Smith.

put into their possession or under their control, and they should return it or pay for it. If it has been lost, they are responsible for it. It would be unprofitable to state at any length the testimony bearing on the question of fact as to whether a return of the property could be had. Marshall, who was the agent of the plaintiffs and had the control and management of the property, says that part of the timber remains unmoved on the creek in the same place where it was found by the sheriff when seized, and in the same condition, and that the remaining portion is piled on the bank of and close by the waters of the slough in which it was found by the sheriff when taken on the writ; and that it is in a better position and worth as much piled on the bank of the slough as it would be floating in the waters thereof. The witness Jacobson fully corroborates this statement, both in his affidavit and in his testimony before the referee. This witness, some time in the summer, removed, by the order of Marshall, the property from the waters of the slough and piled it higher up on the bank, where it remained. There are one or two other witnesses who slightly corroborate the statement that the identical property taken could be returned or was tendered. The under-sheriff, Wagener, who aided in executing the writ of replevin, says he found a portion of the ties and posts in the woods along and upon a certain creek which empties into the head of North bay, where they were seized but not removed; that these ties and posts were turned over to the plaintiffs; that in another place about a mile distant, in the waters of a slough or bayou which opens into North bay near its head, were the remainder of the posts, ties, and telegraph poles seized on the writ; that on account of the character of the property, and the depth and temperature of the water of the slough in which the property was afloat, it was impracticable to make an actual seizure of the same; that the seizure made was symbolical merely,

and consisted only in marking several pieces of timber and placing the property in the custody of Jacobson without removing it, and also in putting a boom between the waters of North bay and the slough, so as to keep the ties, posts, and poles within the slough. But this officer could not positively identify the ties, posts, and poles piled upon the bank of the slough as being the same as those which were seized on the writ. This is the most material testimony tending to prove that the same property taken was tendered, or could be returned.

But this evidence was met and overcome by an overwhelming mass of testimony that a large portion of the ties and posts seized by the sheriff was not tendered, but that ties and posts of an inferior grade and quality were tendered and offered to be returned. Aside from the sworn statements of the appellant, which are direct and positive on the point, there is the testimony of six or seven credible witnesses who worked for the appellant, chopped the ties, posts, and poles, or who hauled them to the slough, and who swear as to the character and quality of the timber cut and hauled. The fact is conclusively established by these witnesses that the ties, posts, and poles chopped, sawed, and hauled were mostly manufactured from green trees, contained but a small percentage of culls, and were of a good quality and merchantable. The fact was proven beyond successful contradiction that a large portion of the ties, posts, and poles piled on the bank of the slough was, to use the words of one of plaintiff's witnesses (Tellofson), "poor stuff; looked poorer than any large lot of stuff I ever saw gotten out by anybody. Much of it looked like the leavings of an old banking ground." This is the character of the timber which was offered to be returned. The appellant does not deny but that some of the ties and posts piled at that place were taken from his possession, but he says that these were so intermixed with worthless stuff and

driftwood that they could not be separated without great labor and expense. It is entirely clear that the timber piled on the bank of the slough was not the same as that deposited in the slough by the appellant and which was seized by the sheriff under the writ. This fact is established by irrefragable proof. It was likewise shown by the witnesses Tweedale and Madden that about two thousand pieces were taken from the slough by one Larkin in the summer of 1883, all good merchantable timber. It is a fair presumption that these pieces were some deposited in the slough by the appellant.

Now, in the light of all this evidence, it is impossible to say there was anything untrue or false in the return. The court below therefore erred in amending it and ordering that the word "unsatisfied" be stricken from the back of the execution; for no one would claim that the execution could be satisfied by tendering other timber of an inferior quality from that actually seized on the writ of replevin. So, assuming that the court on a proper showing had power to order the return of the officer to be amended, it is obvious that no amendment should have been made upon the facts disclosed in the testimony.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

---

Irvin and others, Respondents, vs. Smith, Appellant.

*January 15 — March 1, 1887.*