## H. H. Morris, Appellant, v. F. B. Lowry.

-Abatement of Liquor Nuisance by Owner: CONSTRUCTON OF STATUTE.
It is proper to abate a suit in equity to enjoin a liquor nuisance
when defendant complies with Code, section 2410, which pro-
vides that, if the proceeding be an action in equity, and a bond
conditioned that the nuisance shall be immediately abated
be given before judgment and order of abatement, the "action"
shall thereby be abated, since the word "action" refers to the
action in equity, and not to the nuisance.

*Appeal from Howard District Court.*—Hon. A. N. Hobson,
Judge.

FRIDAY, APRIL 12, 1901.

THE petition alleged that defendant was owner of a
building situated on a described lot, in which he kept for sale
and had sold, in violation of law, intoxicating liquors, and
prayed for the abatement of the nuisance, and that defen-
dant be enjoined from engaging in the sale of intoxicating
liquors anywhere within the judicial district. The answer
was a general denial. When the cause was called for trial,
the defendant filed a bond in accordance with the provisions
of section 2410 of the Code, and paid all the costs, where-
upon the court adjudged the action abated. The plaintiff
appeals.—*Affirmed.*

*E. R. Acres* for appellant.

*P. F. McHugh* for appellee.

LADD, J.—The language of section 2410 of the Code is
so explicit as to leave no room for construction. The first
part relates to the cancellation of an order abating a liquor
nuisance already obtained by the execution of a bond condi-
tioned that it shall be immediately abated by the owner, and
not established again during one year; "and if the proceed-
ing be an action in equity, and said bond be given and costs

paid therein before judgment and the order of abatement, the action shall be thereby abated." Every proceeding in court is an action (section 3424, Code) ; and the word "action," as employed in the Code has a technical meaning (section 3425), which is also in accord with the approved use of the language. We may not, then, attribute to the legislature an understanding or use of it in any other sense. Besides, "the action," as found in the last clause, so evidently refers to the "action in equity" previously mentioned, as to leave no doubt that the abatement of the entire proceeding was intended, and not merely that of the nuisance. Primarily, suits to enjoin liquor nuisances under sections 2405 and 2406 of the Code have for their object the termination of the unlawful use of the particular premises, and restraining of those found guilty from establishing nuisances elsewhere is only incidental to the relief granted. The statute merely permits the owner himself, rather than the court, by giving security, to abate the nuisance; and when he undertakes to do this in the manner provided, denies to the state or citizen the incidental relief with respect to future conduct. There may be reasons, as contended by appellant, why the law should be different. It is enough, for the purposes of litigation, however, that "thus it is written." The suggestion that the statute is unconstitutional merits no attention.—AFFIRMED.