H. H. MORRIS v. WILLIAM CONNOLLY, J. P. CONNOLLY AND CERTAIN PREMISES.

**Abatement of Liquor Nuisance:** STATUTE CONSTRUED. It is proper for the court to abate a suit in equity to enjoin a liquor nuisance when defendant complies with Code, section 2410, which provides that if the proceedings be an action in equity, and bond conditioned that the nuisance shall be immediately abated

be given before judgment and order of abatement, the action shall be thereby abated since the word "action" refers to the action in equity, and not to the nuisance.

*Appeal from Howard District Court.*—Hon. A. N. Hobson, Judge.

Friday, April 12, 1901.

Action in equity, under section 2405 of the Code, to abate and enjoin a liquor nuisance in a building described, owned by defendant William Connolly, and to enjoin the defendants William and J. P. Connolly as in said section provided. The defendants answered, denying generally, and on the same day paid all the costs, including $25 attorney's fees allowed by the court to plaintiff's attorney, and filed a bond as provided in section 2410 of the Code, whereupon the court entered judgment "that the action is hereby abated, under the provisions of section 2410, Code of Iowa." Plaintiff asked "a decree of injunction and writ of abatement as prayed in the petition," and from the refusal to grant such a decree he appeals.—*Affirmed.*

*E. R. Acres* for appellant.

*H. T. Reed* and *C. W. Reed* for appellees.

Given, C. J. —I.   The contention is as to the construction to be given to that part of section 2410 as follows: "And if the proceeding be an action in equity and said bond be given and costs therein be paid before judgment, the action shall be thereby abated." Appellant's counsel insists that to construe the word "action" according to its ordinary meaning renders it inconsistent with other provisions of chapter 6, title 12, and that the intention of the legislature is that in such case it is the nuisance, and not the action, that is to be abated. We see no inconsistency in the law, and no warrant for the construction contended for. The condition of the bond is that the owner will abate the nuisance; and its penalty, a guaranty that it will be done; and as this is the

principal object of an action in equity, under section 2405, the law may well provide that upon its being done the action shall be thereby abated.    The action being abated, there was no case in which to decree an injunction and writ of abatement, and no nuisance to abate.    See *Morris v. Lowry,* 113 Iowa, 544.—AFFIRMED.