(88 N. W. Rep. 713.)

---

STATE, *ex rel.* P. J. McCLORY *vs.* E. I. DONOVAN.

Opinion filed Dec. 17, 1901.

**Liquor Nuisance—Abatement of Action.**

> Construing § 7605, Rev. Codes 1899 This action was brought under said section to abate a liquor nuisance, and the trial court dismissed

the action. From the judgment of dismissal the plaintiff appealed to this court, and after a trial anew this court reversed said judgment and directed the trial court to reverse the same, and enter judgment for the plaintiff as demanded in the complaint. This was not done. On the contrary, the trial court, after the defendant had filed a bond, and paid the accrued costs of the action, entered judgment abating the action; and such judgment was entered upon the theory that the action could properly be abated under the provisions of said statute relating to the abating of actions. The action was brought against the owner of the premises in which the nuisance was maintained, and such premises were not leasehold premises. *Held*, that under such conditions the defendant was not in a position, under said section, to ask for an abatement of the action, and that the action was improperly abated.

### District Court Acts Ministerially in Entering Judgment on Mandate.

· *Held*, further, in cases tried anew in this court, that in entering judgment pursuant to the direction of this court the district court acts ministerially, and hence is without authority to further adjudicate upon questions in the case, except in cases where this court directs a new trial of all the issues, or of certain questions which are specified.

### Authority of Counsel—Notice of Appeal—Waiver of Right to Object—Laches.

The plaintiff appealed to this court from the judgment of abatement. The notice of appeal was signed, and the appeal was taken by special counsel, said counsel being the same counsel who tried the case originally in the district court, and who signed the notice of appeal to this court from the first judgment; said counsel being the same counsel who, on the first appeal, filed briefs and argued the case in this court in behalf of the state. The summons was signed by P. T. McClory, as assistant attorney general, but he did not try the case, nor did he sign either of the notices of appeal, nor did he appear in this court at the argument of either appeal. Respondent's counsel moved in this court to dismiss the appeal taken from the judgment abating the action, claiming as grounds of the motion that the attorneys who signed the notice of appeal were without authority to do so. *Held*, that the motion is denied for the reason that the respondent's counsel have, by repeated recognitions of the attorneys who signed the notice, waived their right, if any they had, to raise the question of authority to sign such notice. The notice on its face purported to be signed by the plaintiff's attorneys, and there was no proof submitted in support of the motion that they were not. This also furnishes a proper ground for denying the motion to dismiss.

### Statute Operates Prospectively.

The action was commenced long prior to the passage of the statute embraced in chapter 178 of the Laws of 1901. *Held*, that said statute is prospective only, in its operation, and that it has no application to actions commenced prior to its passage.

Appeal from District Court, Cavalier County; *Fisk*, J.

Action by the state, on the relation of P. J. McClory, as assistant attorney general, against E. I. Donovan. Judgment for defendant, and plaintiff appeals. Reversed.

*Bosard & Bosard,* for appellant.

*Templeton & Rex,* for respondent.

WALLIN, C. J. This is an action in equity, and the relief sought by the plaintiff is the abatement of a liquor nuisance, as defined by § 7605, Rev. Codes, 1899. The trial court found the material facts to be true as stated in the complaint, but as a conclusion of law adjudged that the action should be dismissed and a judgment of dismissal was accordingly entered in the trial court. This judgment was entered upon the theory that the nuisance which was found by the court to exist as a fact was in a drug store, and was maintained by the defendant under the shield of a druggist's permit, and, being so maintained, that the nuisance could not be abated by a court of equity. From such judgment the state appealed to this court, and the entire case was tried anew in this court under § 5630, Id., upon all the evidence offered and proceedings had in the trial court. The litigation in this court resulted in a reversal of the judgment, and the district court was directed by this court to "reverse its judgment, and enter a judgment in favor of the plaintiff for the relief demanded in the complaint." See *State* v. *Donovan*, 10 N. D. 203. The remittitur embracing the record and including said directions to the district court was sent to the court below, whereupon the following proceedings were had in the district court: The defendant, after notice to plaintiff's counsel, presented a petition to the district court, which embodied a request, in substance, that he (the defendant), upon payment of the costs of the action, be permitted to file a bond conditioned as required by § 7605, Rev. Codes 1899, and that upon his doing so a judgment should be entered abating the action. The record further shows that, after a hearing upon such petition was had in the district court, an order was made as follows: "It is ordered that within one week from this date said defendant pay to the attorneys for plaintiff the sum $285.85, the costs of this action as taxed and allowed, including an attorney's fee of $250, hereby fixed by the court, and that he file in the office of the clerk of this court his bond, with sureties to be approved by the clerk of this court, in the penal sum of $7,000, conditioned as provided by § 7605, Rev. Codes 1899; and that on so doing, judgment be forthwith entered herein abating this action without further order; and on default of said defendant so to pay such costs and file such bond, then that judgment be entered as prayed in the complaint." To this order an exception was preserved, and the making of such order is the only error assigned in this court. Pursuant to the order, judgment was entered abating the action, and from such judgment the plaintiff has again appealed to this court.

In this court a preliminary motion has been filed in behalf of the respondent to dismiss the present appeal. The motion is based upon the contention that Messrs. Bosard & Bosard (the attorneys who have signed and served the notice of appeal) are mere volunteers in the action. and are devoid of authority to take an appeal or sign a notice of appeal in this action. In order to understand

the basis of this motion, it becomes necessary to make a brief statement of facts. The action was instituted in the year 1898 by P. J. McClory, as assistant attorney general for Cavalier county, and the summons in the action was signed by McClory in said official capacity; but it is conceded that after the commencement of the action Messrs. Bosard & Bosard were retained by private parties to assist in the prosecution. It appears further that said special counsel had the exclusive charge of the case in the district court during its trial, and that after judgment was entered in the district court the first time said counsel took an appeal to this court, and in doing so signed and served the notice of appeal; and it is also true that said special counsel prepared and served the briefs and abstracts and made the oral argument in this court on said first appeal. It is further true that when the record was remanded said counsel represented the state, and were recognized as attorneys for the state by the defendant's attorneys in all that was done in and about the application made by the defendant's counsel for the abatement of the action. It is further true that counsel for the defendant have never at any time, prior to making this motion, raised an objection as against the right of said assistant counsel to represent the state in this action. We are clear that upon this state of facts the defendant is estopped from raising the question of the jurisdiction of this court to hear the second appeal. As supporting this conclusion, we cite the case of *Woods* v. *Walsh*, 7 N. D. 376, 75 N. W. Rep. 767.

But there is another ground upon which the motion should be denied. The notice of appeal is signed by Bosard & Bosard, who are resident attorneys, as the attorneys for the plaintiff. Upon its face the notice shows and announces to all concerned that the attorneys who assumed to represent the plaintiff in taking the appeal are the attorneys for the plaintiff in fact. This prima facie showing has not been overcome or disputed by any evidence submitted on the motion to dismiss the appeal. Of course the mere fact that the attorney who signed the summons did not take the appeal is of no consequence, and does not show or tend to show that Messrs. Bosard & Bosard have not been employed to take this appeal. Upon the record standing alone, we should be compelled to hold that the attorneys who have assumed to take the appeal have been employed to do so. But counsel, in support of the motion, place great stress upon the provisions of chapter 178 of the Laws of 1901, and argue upon this statute that the state's attorney, or the attorney general, or some official representative of the state, and such officers only, have authority to prosecute the present appeal to this court, inasmuch as such appeal was not attempted to be taken until said statute took effect. After a careful reading of the enactment of 1901, we fail to find in the same any support whatever to the contention of counsel. There is not a line or suggestion in the statute looking towards the matter of prosecuting or appealing any action which had been commenced prior to the passage of the act. The object of the enactment

is to define the duties of state's attorneys and the attorney general, and to give said officials exclusive control of certain classes of actions. But the statute, by its terms, is clearly prospective in its operation, and is not retrospective and hence it can have no bearing in any case such as this, which was brought and tried on its merits before the statute went into effect. The motion to dismiss must be denied.

We turn now to a consideration of the merits. It is the contention of the respondent that the order of the district court directing the abatement of the action was properly entered under the provisions of § 7605, supra, which directs that actions in equity brought under said section shall be abated upon certain conditions The clause of the section relied upon by the respondent reads as follows: "And if the proceeding is an action in equity and bond is given and costs therein paid before judgment and order of abatement, the action shall be thereby abated; provided, however, that the release of the property under the provisions of this sction shall not release it from any judgment, lien or penalty or liability to which it may be subject under any other statute or law." It will be conceded that this provision of the statute authorizes, and in fact directs, the abatement of actions in equity brought under § 7605. But it is equally clear that the abatement of any such action can be had only upon the conditions named in the statute which regulates such abatement. The statute in fact names the conditions of any such abatement in its requirement that the costs of the action must be paid and a bond given as prerequisites. But this feature of the statute conveys no information whatever either as to the amount of any such bond or as to the conditions to be embodied in the bond; hence, in order to give effect to this part of the statute, it becomes necessary to consider the context, and ascertain whether the character and amount of any such bond can be gathered by a reference to other portions of the statute A careful reading of the entire section discloses the fact that but one bond is described in the section, and that a bond which may be given by the owner of the realestate in a case of a leasehold, and where, after a trial, the leasehold premises have been adjudged to be a nuisance. In such cases the owner of the premises, if he so elects, is accorded certain privileges: First, he may, after such judgment, terminate the lease by a three-days' notice in writing to the tenant; second, he may, upon the conditions named in the statute, have the premises which have been seized released and turned over to him by an order of court. The conditions are, after satisfying the court of his good faith, that the owner shall appear in the action, pay the costs thereof, and give a bond to the amount of the full value of the property involved, conditioned that the nuisance shall be immediately abated, and that he will prevent the same from being established on the premises for the period of one year. When these conditions are fully met, the court, under the terms of the statute, will order the premises which have been taken and

closed to be delivered to the owner. Under a preceding clause of the section, the court, after judgment, is required to abate the nuisance, and in doing so the officer is directed to shut up the premises "as against the use or occupation of the same for saloon purposes, and keep the same securely closed for the period of one year unless sooner released as hereinafter provided.)" A careful reading of the statute will show that the only provisions made in it for releasing such property from any such seizure are those to which we have referred, and whereby the owner of leased premises may obtain an order of release upon the terms already mentioned, viz., upon giving a certain bond and paying costs. Manifestly, it is to such bond and to such conditions, and to none other, that reference is made in the provisions of the statute regulating the abatement of equity actions. Under such conditions the statute permits an action in equity to be abated, and permits the court to release property seized, and to turn the same over to the owner in cases of seizure; and possibly the statute contemplates that such an action may be abated, under the conditions named, in a case where no seizure has been made in fact. The language of the statute leaves little room for doubt that the legislature intended that, after a judgment has established the existence of the nuisance, the premises in which it is maintained shall, for saloon purposes, be closed for one full year in all cases, unless the nuisance is maintained on leasehold premises. In cases of leaseholds the owner, on the conditions named, may obtain an order of release, and in none other. It would, in our opinion, be a striking departure from this obvious policy of the law to so construe the statute as to permit an owner who has not leased his premises, and who is personally charged with the offense of maintaining a nuisance, to obtain full control of his property at any time, even before judgment, by the simple process of paying the accrued costs and giving a bond. We are certainly not at liberty to read any such language into § 7605 of the Revised Codes of 1899. Counsel for the respondent cite the following Iowa cases in support of their contention: *Morris v. Lowry*, 85 N. W. Rep. 788; *Same v. Connolly*, Id. 789. These cases are not in point. Under the Iowa Code the right of an owner who has appeared in an action brought to abate a liquor nuisance to have the action abated on giving the required bond and paying the costs of suit is unrestricted. It is a right accorded to all owners of property who appear in the action, and who act in good faith. In this state the legislative assembly has seen fit to limit the right to cases in which the nuisance is maintained upon leasehold premises. The defendant in this case is not, therefore, entitled to the benefits of the statute governing the abatement of this class of actions, and this for the reason that the nuisance sought to be abated is maintained on premises owned and occupied by the defendant as a drug store. The conclusion we have reached will necessitate a reversal of the judgment appealed from, but we should unhesitat-

ingly reach the same conclusion upon another and wholly independent ground. As has been seen, this action is now before this court upon a second appeal. Upon the former appeal the case was tried anew in this court upon the merits, and upon all the evidence offered and proceedings had in the district court. The trial in this court was a trial de novo under § 5630, Rev. Codes 1899, and such trials are clearly designed to terminate litigation by a final adjudication upon all the issues involved, except in cases where for special reasons a new trial of some or all of the issues is directed to be had in the district court by an order sent down with the record. No such order was made in the case at bar. Nevertheless, the learned trial court has thought proper to permit the defendant to intervene in that court for the purpose of renewing the litigation; and, acting upon such permission, the defendant was allowed to interject into the case questions and considerations of both law and fact which were not brought to the attention of this court in any manner, and upon which this court has never, until the present appeal, had an opportunity to pass, or to make an adjudication. Upon such new matter so interjected the learned trial court has—we think, erroneously— assumed the right to enter a judgment in disregard of the order sent down. We are unable to concur in this assumption of authority on the part of the trial court. It is true that the defendant claimed to do what was done under color of a statute permitting a bond to be filed at any time before judgment. Nevertheless, we are clear that this right, when proper, must be exercised with reference to the mode of reviewing cases established by § 5630. The state would have the right to litigate the questions as to the amount of the bond, the amount of the costs to be paid, and above all the good faith of the owner who seeks to abate the action; and this case forcibly illustrates the further right of the state to question the right of a defendant under the statute to have the action abated. If the state has such right, then it must follow that the state or any appellant would have an undoubted right to have this court pass upon all such questions, whether of law or fact. But to do so the bond to abate an action must be filed in the court below, and before an appeal is taken. It is true that the defendant might argue in this case that, inasmuch as he was successful in the court below, there was no occassion to tender a bond and ask for an abatement of the action before the first appeal was taken. But, if this would furnish an excuse, it certainly does not excuse the omission of counsel to apply to this court for leave to present an application to the court below to abate the action. No such request was made in this court, and, if it had been, it could not have been granted, for the reasons above given in disposing of the case on its merits. It is well settled that in cases such as this the district court, in entering judgment pursuant to an order transmitted to it in the record, acts ministerially, unless this court in express terms directs further proceedings to be had in the district court. Our conclusions on this feature of the

case find ample support in the adjudications. See Elliott, App. Proc. § 564, and cases cited in note 1.

The order directing the judgment, which is assigned as error, and the judgment appealed from, are severally reversed, and the district court is directed to enter judgment, pursuant to the order of this court in favor of the plaintiff, and for the relief demanded in the complaint with costs. All the judges concurring.