# STATE OF NORTH DAKOTA EX REL. F. C. HEFFRON, Assistant Attorney General, v. JOSEPH BLETH and Leonard Bleth.

(127 N. W. 1043.)

**Appeal and Error — Notice of Appeal — Appeal from an Order and from the Whole Thereof.**

1. A notice of appeal to this court is sufficient where it states that the appeal is from an order, fully describing it, although it does not expressly state that the appeal is from the whole of the order, in accordance with the provisions of the statute.

**Appeal and Error — Dismissal of Appeal — Failure to Enumerate Papers.**

2. A failure to follow the provisions of § 7325, Rev. Codes 1905, by enumerating in an order made, all the papers on which it is based, does not necessarily authorize a dismissal of an appeal from such order.

**Appeal and Error — Acceptance of Benefits.**

3. Payment of costs to the clerk, pursuant to an order of court, without proof of the acceptance thereof by the appellant, is not ground for the dismissal of the appeal.

**Intoxicating Liquors — Nuisance — Abatement — Order without Notice.**

4. An order of court is not made without notice when it is expressly based on the terms and conditions of a former order, stating that when certain conditions have been complied with another order will be made without further notice.

**Intoxicating Liquors — Abatement of Nuisance — Leasehold Premises — Return to Owner — Discretion.**

5. Whether a building in which a tenant of the owner has maintained a nuisance by keeping and selling intoxicating liquors therein, of which the owner had knowledge prior to the commencement of an action to abate the nuisance, shall be turned over to the owner after it has been closed by proceedings under § 9373, R. C. 1905, is discretionary with the trial court, and such discretion will not be disturbed except in cases of the abuse thereof.

**Intoxicating Liquors — Abatement of Nuisance — Return of Premises to Owner — Good Faith of Owner.**

6. If the owner complies with § 9373, supra, and the trial court is satisfied

---

Note.—Knowledge necessary to charge owner with conduct of tenants or others in selling intoxicating liquor on premises in violation of injunction, see note in 25 L.R.A. (N.S.) 602.

Liability of property owners for illegal sales generally upon their leased premises, see note in 12 Am. St. Rep. 354.

of his good faith in intending to abate the nuisance, the mere fact that he was aware of the maintenance of the nuisance, by his tenant, before the abatement proceedings commenced does not necessarily deprive the owner of the benefits of said section.

Opinion filed September 23, 1910.

Appeal from the District Court of Stark county; *Crawford*, J.

Action to abate a nuisance. Petition of defendant for the abatement of the action on compliance with § 9373, Rev. Codes 1905, granted. The State appeals.

Affirmed.

*Andrew Miller*, Attorney General, *Alfred Zuger, C. L. Young*, and *F. C. Heffron*, Assistant Attorneys General, for the State.

Owner of a leased building used as nuisance under the prohibition law is a proper party defendant in a proceeding in equity to abate it. Martin v. Blattner, 68 Iowa, 286, 25 N. W. 131, 27 N. W. 244, 6 Am. Crim. Rep. 148; Drake v. Kingsbaker, 72 Iowa, 441, 34 N. W. 199; State v. Douglass, 75 Iowa, 432, 39 N. W. 686; State v. Grim, 85 Iowa, 415, 52 N. W. 351.

*McFarlane & Murtha*, for respondent.

Appellant, by payment of the costs, accepted the fruits of the order, and cannot appeal. Tuttle v. Tuttle, 19 N. D. —, 124 N. W. 429.

MORGAN, Ch. J. This is an action to abate a nuisance created by keeping and selling intoxicating liquors in a building in the village of Richardton, Stark county. In the complaint the defendant Leonard Bleth is charged with owning and having control of the lot on which the nuisance is alleged to have been maintained, and is charged with having allowed and permitted the maintenance of such nuisance. The defendant Leonard Bleth admits that he is the owner of the lot, but denies that any nuisance was maintained thereon with his knowledge or consent, and he denies that he permitted or allowed the same to be maintained.

When the action was commenced a preliminary restraining order was issued against both defendants, enjoining them from a continuance of the nuisance. After the service of such restraining order, the defendant Leonard Bleth secured an order to show cause why he should not

be permitted to give a bond, and have the building opened, and the premises turned over to him, and the action abated pursuant to the provisions of § 9373, Rev. Codes 1905. This order to show cause was based upon the affidavit of Leonard Bleth, wherein the facts set forth in his answer were alleged as grounds for the granting of his petition. He further stated therein that the premises in question were leased by him to Joseph Bleth on or about March 20th, 1909, for use as a pool room, and for the sale of cigars and soft drinks, and for no other purpose. After the service of the restraining order, the defendant Leonard Bleth canceled the lease to Joseph Bleth. In the affidavit it is further stated that it is defendant's intention to occupy the building in question in carrying on a dry-goods business, and the value of the premises is stated to be $1,000.

On the hearing of the order to show cause, the state produced affidavits of two citizens of Richardton, stating that they are well acquainted with the premises, and that it was commonly known in Richardton that this building was used as a place wherein intoxicating liquors were sold as a beverage for several years past, and that said lot and building were apparently under the control of and owned by the above-named defendants since January 1, 1909. On information and belief it is further stated in the affidavits that this building was used since that date as a place where intoxicating liquors were kept and sold.

After hearing the proofs of both parties, the court made an order, on September 7, 1909, that Leonard Bleth be allowed to pay the costs and attorney's fees, amounting to $89.60, and to give a bond in the sum of $1,000, conditioned that said Leonard Bleth immediately abate the nusiance complained of, and that he prevent any nuisance upon said premises for one year, and that upon the payment of said costs to the clerk and the filing of the bond, the court would, without further notice, make an order opening the building and surrendering same to the said Leonard Bleth, and abating the action. The bond having been filed and the costs and attorney's fees paid in to the clerk's office, the trial court made an order on September 13th that the premises be turned over to the defendant Leonard Bleth, and that the action be abated. The state excepted to the making of the order, and has appealed from the same.

Certain preliminary questions of practice are raised by the respondent, which we will dispose of before considering the merits.

1. It is claimed that the notice of appeal is not in compliance with the statute, and that the appeal should be dismissed on account of such defective notice. The defendant claims that it does not specify whether the appeal is from the whole of the order or from a part thereof. The notice states that "the plaintiff appeals to the supreme court of the state of North Dakota from the order made and entered in the above-entitled action on the 13th day of September, 1909." The provisions of the order are further stated in the notice. The statute provides that an appeal must be taken by serving a notice upon the adverse party and filing the same in the office of the clerk of the court in which the order appealed from is entered, "stating the appeal from the same, and whether the appeal is from the whole or a part thereof, and, if from a part only, specifying the part appealed from." Rev. Codes 1905, § 7205.

We think that the notice complies with the statute. The objection urged that the notice does not in express words state whether the appeal is from the whole of the order or from a part thereof is technical, and not substantial. We think the notice substantially complies with the statute in this regard. An appeal from an order is necessarily from the whole. Nothing would be added to the effect of the notice by stating that the appeal is from the whole of the order. The same objection was before the court in Irvin v. Smith, 68 Wis. 220, 31 N. W. 909, and held of no force, under a statute which is like our own.

2. The order appealed from fails to state what affidavits, papers, or evidence it is based on, and was therefore not drawn in compliance with the provisions of § 7329, Rev. Codes 1905, requiring such statement. This omission is urged upon us as a ground for dismissing the appeal.

Under the terms of this section it is made expressly discretionary whether the supreme court shall dismiss an appeal when based upon this ground. In view of the fact that there is no doubt as to what papers were used on the application, from an inspection of the record, and in view of the fact that the order was made on the defendant's motion, we see no reason for dismissing the appeal in this case, al-

though we deem it important, ordinarily, that the statute be carefully complied with.

3. It is also urged that the appeal should be dismissed on the ground that the appellant has accepted the costs and attorney's fees paid by the defendant as a condition precedent to the granting of the order of abatement. The claim is that the appellant should not be allowed to appeal from the order after having accepted the terms imposed thereby. The record does not show a payment to or acceptance of the money by the state. The original order directed the payment of the costs and attorney's fees to the clerk. There is nothing in the record showing an acceptance of them by the plaintiff. This makes it unnecessary to further notice the point, as payment to the clerk of the court is not payment to the plaintiff in this case, or to plaintiff's attorneys.

4. It is also claimed that the order is not appealable, for the alleged reason that it was made without notice. We do not think that this contention can be upheld. It appears that the order appealed from is based on the order of September 7th. That order was made after notice, and the parties appeared and presented evidence in the form of affidavits. There was a determination of every question at the hearing, but the final order was not made, inasmuch as the costs had not been paid nor had the bond been filed. The court therefore ordered that, upon compliance with these conditions, an order of abatement of the action and a surrender of the premises to the defendant would be made without further notice. The notice of appeal states that the order appealed from is based on the order of September 7th. Strictly speaking, the order appealed from was therefore made on notice, and after argument and hearing.

The merits present an important question, not free from difficulty, on which no cases directly in point have been cited or can be found. It involves the construction of § 9373, Rev. Codes 1905, pertaining to the abatement of nuisances, and the turning over of the premises to the owner under certain conditions, where nuisances have been maintained thereon by a tenant of the owner. So far as material on this appeal, that section reads as follows: "And said officer abating such nuisance shall securely close said building, erection, or place where such nuisance was located, as against the use or occupation of the same for saloon purposes, and keep the same securely closed for

the period of one year, unless sooner released as hereinafter provided, and any person breaking open said building, erection, or place, or using the premises so ordered to be closed, shall be punished for contempt, as hereinafter provided in case of violation of injunctions; provided, however, that when leasehold premises are adjudged to be a nuisance, the owner thereof shall have the right to terminate the lease by giving three days' notice thereof in writing to the tenant, and when this is done the premises shall be turned over to the owner upon the order of the court or judge. But the release of the property shall be upon condition that the nuisance shall not be continued, and the return of the property shall not release any lien upon said property occasioned by any prosecution of the tenant. If the owner appears and pays all costs of the proceedings, and files a bond with sureties to be approved by the clerk in the full value of the property, to be ascertained by the court or judge, conditioned that he will immediately abate said nuisance and prevent the same from being established or kept therein within the period of one year thereafter, the court, or, in vacation, the judge may, if satisfied of his good faith, order the premises taken and closed under the order of abatement to be delivered to said owner, and said order of abatement canceled so far as the same may relate to said property, and if the proceeding is an action in equity, and bond is given and costs therein paid before judgment and order of abatement, the action shall be thereby abated; provided, however, that the release of the property under the provisions of this section shall not release it from any judgment, lien, or penalty, or liability to which it may be subject under any other statute or law."

The state claims that the respondent, as owner of the building, is not entitled to the benefit of this section, for the reason that he had knowledge that the nuisance was being maintained on his lot, and in consequence thereof, that he consented to the maintenance of the same by not taking steps to have the same abated.

This court held, in State ex rel. McClory v. Donovan, 10 N. D. 610, 88 N. W. 717, that where the owner of a lot maintains a nuisance thereon himself, he is not entitled to the benefits of this section, which applies only to leasehold premises. That construction was proper under the express language of the section. In this case the nuisance was established and maintained by the tenant without any actual partici-

pation therein by the owner. Conceding that it was maintained with his knowledge and implied consent, was it the legislative intent that the owner should not be given the possession of his property on condition that the nuisance be abated and all costs paid? So far as the enforcement of the law is concerned, everything is accomplished by such abatement that can be accomplished by continuing the action to final judgment. That is, the nuisance is actually abated, and security given that none will be established thereon for one year. Does the fact that the owner was aware that his tenant was using the premises in maintaining a nuisance thereon necessarily place him in the same position, so far as this statute is concerned, as though he actually maintained the nuisance himself? We do not think the language of the section warrants any such construction. The language is general, and without any words to indicate that the owner is not entitled, as a matter of law, to have the premises surrendered to him, although he had knowledge of the illicit manner in which the property was being used. If such was the intent of the law-makers, it could easily have been expressed. To so construe the statute would, in our judgment, be going beyond its language, and would be reading an exception into it.

Before the court should permit the property to be surrendered to the owner, however, it must be satisfied of the good faith of the owner. This means his good faith so far as abating the nuisance in the future is concerned. In determining this question of good faith, his past conduct in respect to the maintenance of the nuisance will be a proper matter for consideration. The good faith of the owner, however, is his good faith towards the permanent suppression of the nuisance in the future. Although he may have had some knowledge of the maintenance of the nuisance in the past, and did not, as promptly as he should have done, take measures to suppress the same, that fact does not necessarily debar him from the benefits of this section, if he can convince the court of his good intentions as to the future. We think that much was intended to be left to the discretion of the trial judge by this section. There is no positive evidence in this case that this defendant was aware of the fact that a nuisance was being maintained on his lot. Therefore there is no evidence that he actually consented to the maintenance of the nuisance. The trial court found that the de-

21 N. D.—3.

fendant was aware of the nuisance upon this lot before the action was commenced, or had reason to believe the same. Upon this finding we do not think that a fair construction of said § 9373 defeats the right of this defendant to invoke the provision of that section.

The supreme court of Iowa, under a statute almost identical with § 9373, supra, except that it applies to owners generally, and not especially to the owners of leased premises, has held that the owner is entitled to the benefits of that section, and no distinction seems to have been drawn between owners that were guilty of maintaining the nuisance and those not guilty. (Morris v. Lowry, 113 Iowa, 544, 85 N. W. 788; Morris v. Connolly, 113 Iowa, 545, 85 N. W. 789.

It follows that the order appealed from should be affirmed, and it is so ordered. All concur, SPALDING, J., concurring specially.

SPALDING, J., concurring. I concur in the court's finding that there is no evidence that respondent actually consented to the maintenance of the nuisance in question, and therefore concur in the affirmance of the order appealed from. In view of this finding, it is unnecessary to express an opinion as to the law which might be applicable in case the respondent had known of the maintenance of the nuisance or had become *particeps criminis* by renting his premises for the purpose of maintaining a nuisance.