The respondent presents a motion to dismiss the appeal upon the grounds, in substance: (1) That the purported notice of appeal which was served on the respondent does not conform to the conditions and requirements of § 7821, Compiled Laws of 1913, and in particular because the notice does not state whether the appeal is from the whole or a part of the judgment; and, further, because no record of the moving papers on the motion and order referred to in the notice of appeal have been filed with the clerk of the district court or returned with the record in this court; (2) That no sufficient undertaking on appeal has been given as required by §§ 7824, 7836 and 7837, Compiled Laws of 1913, or served with the notice of appeal, or at all, and that none was filed, and that therefore no appeal was perfected; (3) That no statement of the case was served, settled, or filed in the district court in this action containing specifications as provided in chapter 208, Laws of 1933, and that none was made a part of the record or judgment roll therein, and none was transmitted to this court with the record in this action; and (4) That the appellant has not served or filed a brief as required by the rules of this court. *Page 248 
That part of the notice of appeal material for our consideration reads as follows:
". . . that said appeal is from the Order of the Judge of the District Court dated June 25th, 1934 overruling defendant's motion for judgment notwithstanding former decision or in the alternative for a new trial, and from the judgment of the District Court entered herein on the 4th day of April 1934 in the sum of $2129.57.
"This appeal is on questions of law and fact, from the rulings of the trial judge on questions of evidence and from the judgment from lack of evidence in support of same."
The statute, § 7821, Compiled Laws of 1913, does not prescribe any particular form for the notice of appeal, and where the intention of the appellant is sufficiently apparent to reasonably apprise the opposite party of what is contemplated by the notice of appeal, there is a compliance with the statute.
In the case of State ex rel. Heffron v. Bleth, 21 N.D. 27, 127 N.W. 1043, this court held that a notice of appeal to this court is sufficient where it states the appeal is from an order, fully describing it, although it does not expressly state that the appeal is from the whole order, in accordance with the provisions of the statute. In the latter case the notice of appeal read: "The plaintiff appeals to the supreme court of the state of North Dakota from the order made and entered in the above entitled action on the 13th day of September, 1909." The provisions of the order were also stated in the notice. With reference to the notice of appeal, this court said, in part:
"We think that the notice complies with the statute. The objection urged that the notice does not in express words state whether the appeal is from the whole of the order or from a part thereof is technical, and not substantial. We think the notice substantially complies with the statute in this regard. An appeal from an order is necessarily from the whole. Nothing would be added to the effect of the notice by stating that the appeal is from the whole of the order. The same objection was before the court in Irvin v. Smith, 68 Wis. 220, 31 N.W. 909, and held of no force, under a statute which is like our own."
In the instant case the notice states that the appeal is from the judgment of the district court entered on the 4th day of April, 1934, also stating the amount of the judgment. It also states that the appeal is on *Page 249 
questions of law and fact from the rulings of the trial judge on questions of evidence and from the judgment for lack of evidence in support of same. We believe the language clearly indicates that the appeal is from the whole judgment. With reference to the appeal from the order, the notice states that the appeal is taken from the order of the district court dated June 25, 1934, overruling defendant's motion for judgment notwithstanding former decision or in the alternative for a new trial. Likewise, we believe it is apparent that the appeal is from the whole order. See also Enderlien v. Kulaas, 25 N.D. 385, 141 N.W. 511; Kinney v. Brotherhood of American Yeomen, 15 N.D. 21, 106 N.W. 44.
With reference to the undertaking, the instrument served and filed purports to be an undertaking on appeal and also a supersedeas bond. The undertaking is not in the usual form, and agrees to guarantee the payment to plaintiff of any sums that may be adjudged on the appeal to be due the plaintiff, including the costs of the appeal; and the whole amount fixed in the bond is the sum of $2129.57, which is the amount of the judgment from which the appeal is taken. The fact that the undertaking purports to guarantee the payment of damages and costs on the appeal, instead of a direct agreement to pay all costs and damages which may be awarded, is not a compliance with the statute; however, the undertaking contains the provision "if the undersigned, the Fidelity and Deposit Company of Maryland, shall abide all orders of the Supreme Court entered herein on account of this bond, then this bond shall become null and void and of no effect." Although the undertaking is irregular, we cannot say that it is a nullity in so far as an undertaking for costs on appeal is concerned, but it is not regular in form and not sufficient in amount as a supersedeas bond in addition to a cost bond.
This court held in Gamble-Robinson Minot Co. v. Mauratis,55 N.D. 616, 214 N.W. 913, that "The service of an undertaking on appeal is not jurisdictional. The notice of appeal if served in good faith confers jurisdiction and thereafter the court pursuant to § 7480, Compiled Laws of 1913, may permit the appeal to be perfected by providing the requisite undertaking." See also Burger v. Sinclair, 24 N.D. 326, 140 N.W. 235; Enderlien v. Kulaas, 25 N.D. 385, 141 N.W. 511; W.T. Rawleigh Medical Co. v. Laursen, 25 N.D. 63, 141 N.W. 64, 48 L.R.A.(N.S.) 198. *Page 250 
We have no doubt that the defendant served the notice of appeal in good faith and that the undertaking was given with the view of providing for all costs on appeal, and also as a supersedeas bond. The defects are such as can be readily cured.
It is also contended by respondent that no statement of the case was served, settled, or filed in the lower court containing specifications as provided in chapter 208, Laws of 1933, that none was made a part of the record or judgment roll, and that none was transmitted to this court with the record in the action.
By stipulation the above entitled action was consolidated for the purpose of trial with the case of Huffman v. Brotherhood of R. Trainmen, post, 253, 257 N.W. 639, and pursuant to the stipulation both cases were tried at the same time to the same jury. While the two cases apparently involve different questions of fact, it is evident that they involve the same questions of law. The record presents the stipulation for consolidation as follows:
"Mr. Fredricks: It is agreed between counsel that inasmuch as the case of Howard Wasson v. Brotherhood of Railroad Trainmen, and the case of J.J. Huffman against said defendant, presents identically the same questions — the same questions of law, and that the cases can conveniently be tried as one action, however, that the verdicts and judgments in the cases be separated and that the findings of fact with regard to disability be separate in each case.
"Mr. Lanier: The stipulation dictated in the record is agreed to by the defendant to this extent, that the facts and the law in the two cases are so similar that they may be consolidated and tried. There may be some difference in the facts, and possibly some in the law, but that they may be tried together.
"Mr. Fredricks: What we mean by that, Your Honor, is that if for instance it should be decided and found that Mr. Wasson was totally disabled and Mr. Huffman was not totally disabled, to that extent they must stand each on its own feet."
At the close of the testimony plaintiff and defendant made motions, respectively, for directed verdicts in both cases, the parties apparently considering the record as presenting questions of law only, which was also the view of the trial court; whereupon the jury was dismissed, and *Page 251 
the court made separate findings of fact and conclusions of law in each case, and judgments were entered accordingly.
A transcript of the testimony, including copies of all exhibits, in the trial of the two cases appears to have been served upon attorneys for the respondent, and there is also a stipulation as to the correctness of the testimony and also to the effect that the copies of the exhibits are true copies of the exhibits that were offered and received on the trial of the cases. The original exhibits are identified by the certificate of the clerk. The following stipulation was also entered into: "The plaintiffs further stipulate that they waive the time for settlement of statement of the case and give the court to understand that they do not desire to propose amendments thereto." The stipulation is dated June 1, 1934. There is a written admission of service by attorneys for plaintiffs attached to the original transcript as follows: "Service of the within statement of the case by copy is hereby admitted this 9th day of June, 1934."
Attached to the transcript is also the certificate of the trial judge, which reads: "I, the undersigned judge who tried the above entitled case do hereby certify that the attached transcript is a true and correct copy of all the proceedings had and the evidence introduced upon the trial of the above entitled case; that this certificate is based upon the attached stipulation of counsel and upon my knowledge of the correctness of said transcript."
The notice of appeal was served on attorneys for the defendant on August 11, 1934, and at the same time there was served on said attorneys assignments of error, both of which were filed with the clerk on August 24, 1934. The notice and assignments appear as part of the record.
It is contended that the record should have been prepared in accordance with § 7846, 1925 Supplement to the Compiled Laws of 1913, as amended by chapter 208, Laws of 1933, which pertains to appeals in cases tried without a jury, and that there should be a statement of the case, separately in each case.
The contention of the respondent is to the effect that the latter amendment which provides that "the provisions of this section shall apply to all actions or proceedings tried to the court without a jury, and in all actions or proceedings which are properly triable with a jury and a *Page 252 
jury trial has been waived and the same are tried to the court without a jury," is applicable to this case. However, we do not so construe the amendment.
In the instant case the actions were tried to a jury, but during the trial certain motions having been made by the parties, the cases were apparently resolved automatically into legal questions only, and which it was the province of the court to determine. We do not believe this brings the cases within the provisions of the amendment referred to, as the amendment contemplates a voluntary waiving of a jury and trial to the court alone without a jury. Appellant, therefore, would be entitled to proceed in preparing the record on this appeal in accordance with article 8, chap. 11, Code of Civ. Proc. (Comp. Laws of 1913, §§ 7652 et seq.).
It seems to us that the additional expense of preparing and filing separate transcripts and copies of the records in each case is unnecessary, since the one statement covers the entire record of all proceedings had on the trial of both cases; and the fact that it bears the title of each case indicates that it is to be used by this court in both cases. The same is also true with reference to briefs. A single brief was served containing the titles of both cases. An examination of the brief discloses that it does not comply in all details with the rules of this court with reference to its contents. The respondent cannot urge this as prejudicial irregularity. The primary purpose of a brief is to inform the court, and it is the desire of this court that the rules be complied with, but such irregularities are not grounds for dismissing an appeal on motion of the opposite party. This case does not present an instance where no brief has been served, or filed, and the prosecution of the appeal thus delayed, which might occasion a dismissal of the appeal. However, a brief that has been served and filed may depart from the rules to the extent that it may become the subject of a motion to strike the same, and to affirm the judgment. We are convinced that in the instant case the motion to dismiss the appeal does not lie.
In view of the stipulations with reference to the transcript and the exhibits, and also with reference to settlement of the statement of the case, we believe there has been a substantial compliance, and that the trial court was authorized to make its certificate settling statement of the case. The certificate of the trial court, however, does not state that *Page 253 
the same is settled and allowed as a statement of the case, which evidently was an oversight, and therefore subject to technical objection.
The cases are remanded for the purpose of correcting the records, as herein indicated.
It is ordered that the appellant furnish a sufficient undertaking, and complete the record in this case, not later than December 24, 1934, upon payment to respondent of terms of $20.00.
BURR, Ch. J., and NUESSLE, BURKE, and CHRISTIANSON, JJ., concur.