W. A. MORIN, Respondent, v. THE DIVIDE COUNTY ABSTRACT COMPANY, a corporation, Appellant.

(183 N. W. 1006.)

**Abstracts of title — abstracter liable for mistakes.**

1. In this state an abstracter is liable for any and all damages proximately caused to any person by reason of any error, deficiency or mistake in any abstract or certificate of title made or issued by him.

**Abstracts of title — abstracter must set forth facts relating to title but need not pass thereon.**

2. An abstracter is not called on for professional opinions as to any of the matters relating to a title. It is not for him to determine the validity or invalidity of instruments of record. It is his duty to set forth the facts relating to the title as shown by the records.

**Abstracts of title — abstracter liable for failure to examine records transcribed from other county.**

3. Where an abstracter relies upon his own books, and fails to examine the books of records transcribed from another county and by law given the force and effect of original records in the county where filed, and in so doing overlooks and fails to show on the abstract an instrument shown in such transcribed records, and which instrument affects the title to the land covered by the abstract, he is liable for a breach of his obligations as an abstracter, even though the instrument was not recordable in the county wherein it was originally recorded.

**Abstracts of title — damages allowable for negligence in certifying title stated.**

4. It is *held*, under the evidence in this case, that the damages sustained by the plaintiff consists of the moneys paid by him for the land and a certain mortgage, and moneys expended in defending litigation assailing the title, together with interest on such items. But that on such sum the defendant is entitled to credit for certain moneys received by the plaintiff upon such mortgage.

Opinion filed June 11, 1921.

From a judgment of the District Court of Divide County, *Leighton,* J., defendant appeals.

Modified and affirmed.

*John J. Murphy,* and *John E. Greene,* for appellant.

*McGee* & *Goss,* for respondent.

"As abstracts of title should show every instrument effecting the title which is a matter of record, and if an abstracter fails to show certain instruments that cast a cloud upon the title and the person who procures such abstract is damaged thereby, the Abstract Company is liable.". Security Abstract Co, v. Longacre, 76 N. W. 1073.

CHRISTIANSON, J.   This is an action against an abstracter to recover damages for negligence in making and certifying an abstract of title. The case was tried to the court without a jury, and resulted in a judgment in favor of the plaintiff.   Defendant has appealed from the judgment.

The material facts are as follows: In October, 1907, one Lars J. Sloviken obtained title from the United States to a quarter section of land in Williams county, in this state.   On October 29, 1907, said Sloviken executed and delivered to M. E. Wilson & Co. a second mortgage on said premises to secure the sum of $63.75.   Such mortgage was duly recorded in the office of the register of deeds of said Williams county on November 9, 1907.   On that same day an abstract of title to said premises was made by the Williston Abstract & Guaranty Company, which said abstract was continued and a new certificate attached thereto on December 9, 1910, by the Westergaard-Blair Company.   On December 10, 1910, the county of Williams was divided, and the new county of Divide created out of territoriy which formerly formed a part of said Williams county.   As a result 120 acres of the 160-acre tract above referred to became a part of Divide county, and 40 acres thereof remained within and a part of Williams county.   In April, 1914, said M. E. Wilson & Co. commenced proceedings in Divide county to foreclose the said mortgage by advertisement as against the 120 acres located in that county, with the result that sale was held on June 13, 1914, the premises bid in by said M. E. Wilson & Co., and certificate of sale issued to it.   On May 26, 1915, said M. E. Wilson & Co., assigned such sheriff's certificate of sale to one Norman Lunde, to whom sheriff's deed was issued on July 20, 1915. The various instruments incident to these proceedings and transactions were duly recorded in the office of the register of deeds of said Divide county.   Said Lunde sold the premises to the plaintiff, Morin, and conveyed them to him by quit-claim deed on July 24, 1915.   Before purchasing the premises said Morin employed the defendant abstract company to continue the abstract, which had been prepared by the Williston Abstract

& Guaranty Company on November 9, 1907, and continued and certified to by the Westergaard-Blair Company on December 9, 1910, and the same was continued and a certificate of continuation dated July 20, 1915, which read as follows attached thereto:

"The Divide County Abstract Company hereby certifies that the within abstract of title has been continued from the 9th day of December, 1910, at 3 o'clock p. m. (numbered from 5 to 12, inclusive), and that the said continuation contains all the instruments of record in the office of the Register of Deeds affecting the title to the premises therein described since the day and hour above named."

Shortly after Divide county was organized the county commissioners thereof made a contract with one M. R. Porter for the transcribing of the records of Williams county relating to real estate in Divide county, as prescribed by § 3211, C. L. 1913. The records were so transcribed, and on April 4, 1912, the county commissioners of Divide county adopted a resolution reciting that the records in the office of the register of deeds of Williams county had been so transcribed and were then contained in certain enumerated books, which were then in the office of the register of deeds of said Divide county, and that such records were accepted by the said county of Divide in full performance of the contract for the transcribing of records which had been entered into with the said M. R. Porter. The resolution also provided that it be—

"further resolved that the said records being contained in the books of records hereinbefore enumerated * * * hereby are adopted by the said county of Divide as and for the true records of all instruments affecting title to real property in said Divide county, and hereinbefore filed in the office of the register of deeds in and for Williams county while the territory now comprising the said county of Divide was a portion of said Williams county."

The records so transcribed and filed in the office of the register of deeds of Divide county contained the record of an assignment of mortgage made by said M. E. Wilson & Co. to one S. E. Olcott. Such assignment of mortgage was executed June 22, 1910, and was recorded in the office of the register of deeds of Williams county on January 17, 1911, and, among others, assigned to said Olcott the mortgage which said M. E. Wilson & Co. had caused to be foreclosed, and upon which the sheriff's deed to said Lunde was based. This assignment was not shown upon the abstract so certified to by the defendant company, and the failure

to show the same upon the abstract forms the basis of this action. An action was brought by the executor of the last will and testament of Lars J. Sloviken to set aside the foreclosure proceedings and the sheriff's deed on the ground that the foreclosure proceedings were void. A trial thereof resulted in a judgment annulling the sheriff's deed. Morin thereupon brought this action against the defendant abstract company, claiming that the damages he had sustained were occasioned by the failure of the defendant to show upon the abstract the assignment of mortgage from M. E. Wilson & Co. to S. E. Olcott.

It appears from the evidence that the defendant abstract company is in a sense affiliated with the Westergaard-Blair Company, and that upon the organization of Divide county the defendant obtained from the latter company a complete set of books such as are kept by abstract companies, showing the title to lands in Williams county up to the date of the organization of Divide county. In continuing the abstract defendant relied on such books, and made no examination or search of the transcribed records which had been filed in the office of the register of deeds of Divide county. It is earnestly contended that the assignment of mortgage was not entitled to record in Williams county, or rather that the record thereof in such county did not constitute notice as to lands then in Divide county; that the defendant was justified in believing that no instruments would appear of record in the transcribed records except such as were filed prior to the organization of Divide county; and that the defendant was not guilty of negligence in failing to search the transcribed records.

The duty of an abstracter is to make a painstaking examination of the records and set forth in the abstracts all the facts relating to the title under investigation. He is not called on for professional opinions as to any of the matters reported. 1 R. C. L. p. 92. It is not for him to determine whether instruments of record are valid or invalid, or whether they were or were not entitled to record. His duty is to set forth the facts relating to the title as shown by the records; and he is liable for "any and all damages that may be sustained by or accrue to any person by reason or on account of any error, deficiency or mistake in any abstract or certificate of title * * * made and issued" by him. § 3090, C. L. 1913.

Section 3211, C. L. 1913, provides:

"When a new county is organized in whole or in part from an organized county or from territory attached to such * * * county for judicial

purposes, it shall be the duty of the commissioners of such new county to cause to be transcribed by copying or by photographing in the proper books all the records or deeds or other instruments relating to real estate and other records, deeds or instruments of every kind required by law to be kept on file or recorded in the respective county offices in such new county, and all contracts heretofore made by any board of county commissioners for the transcribing by copying or .by photographing of any such records are hereby made valid and all records transcribed by copying or photographing thereunder or under the provisions of this section shall have the same effect in all respects as original records"

By the express terms of this statute, the transcribed records became and were in legal effect original records of Divide county. Those records were in existence in the office of the register of deeds of Divide county at the time the defendant continued the abstract and made the certificate which is involved here. The witnesses for the defendant admit that a search of the records, or even an examination of the numerical indexes covering such transcribed records, would have disclosed the record of the assignment of mortgage from M. E. Wilson & Co. to Olcott. In these circumstances it seems clear that there was in fact a deficiency in the abstract; it did not correctly set forth the facts relating to the title to the land as they were disclosed by the records in the office of the register of deeds of Divide county at and prior to the time the certificate was made. Hence the plaintiff is entitled to recover such damages, if any, as he shows to have been directly and proximately caused by the defendant's breach of duty. § 3090, supra; 1 C. J. 371; 1 R. C. L. p. 100. See, also, §§ 7146 and 7165, C. L. 1913.

The plaintiff testified, and the trial court found, that the plaintiff purchased the premises from Lunde in reliance upon the abstract of title, and that he would not have purchased them if the abstract had shown the assignment of mortgage appearing in the transcribed records. The evidence also shows, and the trial court found, that the title purported to be transferred to the plaintiff by Lunde was later adjudged to be invalid, in the action brought by the executor of the last will and testament of said Sloviken, on account of the assignment by M. E. Wilson & Co. to S. E. Olcott. There is no contention but that the litigation which resulted in such adjudication was bona fide. The validity of the judgment has not been questioned, and the correctness thereof is not in issue here.

The next question is the proper measure of damages. No specific

provision is made in our statutes for the measure of damages recoverable against an abstracter for breach of duty. Hence the damages must be measured by the general provisions prescribing measure of damages. For the purposes of this action, it is immaterial whether damages be allowed as for the breach of an obligation arising from contract, or for the breach of an obligation not arising from contract. In either case the plaintiff is entitled to recover such damages only as will compensate him for all the detriment proximately caused by the breach. See §§ 7146 and 7165, C. L. 1913. In this case the plaintiff purchased certain premises, relying upon the abstract of title, or rather the certificate attached by the defendant thereto. The deal included both the 120-acre tract of land and a $300 mortgage on another tract of land. The plaintiff paid Lunde $1,100 for the land and for the mortgage. He received a quit-claim deed for the land and an assignment of the mortgage. The plaintiff also expended certain moneys in defending the action brought to set aside the sheriff's deed. There is no showing that the plaintiff made any further expenditures of any kind. It would seem, therefore, that the detriment proximately and directly caused to the plaintiff consists of what he has expended in reliance upon the incorrect abstract, that is, the moneys paid for the premises, and the expenditures reasonably and necessarily incurred in defending the action to set aside the foreclosure proceedings, together with interest on such items. The evidence, however, shows that the $300 mortgage with accrued interest was paid in full. Hence the amount so received by the plaintiff should be deducted from the total amount expended by him and interest thereon. In other words, we are of the opinion that the damages sustained by the plaintiff in this case consists of the $1,100 originally paid by him to Lunde and the expenditures reasonably and necessarily made in defending the litigation, together with interest on such items, less the moneys received upon the mortgage. See 1 C. J. p. 371, and authorities cited in note 8, and subsequent annual annotations. See, also, § 7149, C. L. 1913. The judgment in this case is in excess of that amount. It is therefore ordered that it be modified to conform to the views expressed in this opinion, and, as so modified, it is affirmed.

Robinson, C. J., and Bronson and Birdzell, JJ., concur.

Grace, J. (specially concurring). I am not wholly satisfied that the

main opinion states the true measure of damages. It is certain, however, that at least the damages specified therein have been sustained. More than that amount may have been sustained if a different rule as to the measure of damages were applicable.

We do not, however, feel disposed to enter into a discussion at length, of another and different rule of damages than that above stated.