## STARFRED PROPERTIES, Inc., v. ETTINGER.

### No. 112.

Circuit Court of Appeals, Second Circuit.

Jan. 5, 1943.

Walter Adikes, of Jamaica, N. Y. (Street & Adikes, of Jamaica, N. Y., on the brief), for petitioner-appellant.

Irving I. Erdheim, of New York City, for respondent-appellee.

Before AUGUSTUS N. HAND, CLARK, and FRANK, Circuit Judges.

### PER CURIAM.

The sole error claimed on this appeal from dismissal of an involuntary petition in bankruptcy is as to the action of the district judge in taking the case from the jury. The judge thought that, since both parties had moved for directed verdicts, a jury trial was waived; and respondent relies on state cases so holding. But Federal Rules of Civil Procedure, Rule 50(a), 28 U.S.C.A. following section 723c, is explicitly contra; and hence if petitioner had made a case, it was entitled to go to the jury upon denial of its motion. Nor is respondent correct that petitioner must

file assignments of error; those formalities were eliminated by Federal Rule 73 (a) and (b). Turning to the evidence, it appears that petitioner's attorney felt it necessary to testify himself as to claimed admissions by the alleged bankrupt, although he did not withdraw as counsel. Giving full effect to this testimony, however, we find that, as an act of bankruptcy, petitioner relies on respondent's transfer of his property to his sister within four months of the petition as constituting a preference, Bankruptcy Act, § 3, sub. a(2), 11 U.S.C.A. § 21, sub. a(2), while respondent places the transfer earlier and says that it was in satisfaction of loans made him when he started his business. Since there was no proof of insolvency at the time of the transfer—that, not the time of the petition as the court apparently thought, was the crucial date, 1 Collier on Bankruptcy, 14th Ed.1940, 421, 441—petitioner's real reliance is upon the shifting of the burden of proving solvency, under § 3, sub. d, upon failure of the alleged bankrupt to "appear in court on the hearing * * * with his books, papers, and accounts, and submit to an examination and give testimony as to all matters tending to establish solvency or insolvency."

■ Here the alleged bankrupt did appear and was examined extensively before the court and jury. He produced at least one book of account, of some respectability for a small business, which, among other things, showed some alleged loans at the commencement of business, about which he could have been, but was not, cross examined. He also produced some checks and a savings bank account and an income tax return for 1939. This led to a demand for the 1941 return, and the incident which seemingly is petitioner's case. For when the court overruled respondent's objection to this demand, respondent said, "My lawyer has them all"; and then his counsel, in response to the direct question whether he had the 1941 return, answered, "I have not, sir." The matter was not pursued further by anyone. We certainly are not disposed to hold this vague interchange as to this one document a showing of failure "so to do," or, as the statute previously read, "to so attend and submit to examination," sufficient to put the burden of proving solvency upon respondent.

Judgment affirmed.