[File No. 6959]

COMMERCIAL BANK OF MOTT, a Corporation; Respondent, v. THE ADAMS COUNTY ABSTRACT COMPANY, a Corporation, Appellant.

(18 NW (2d) 15)

Opinion filed Feb. 24, 1945.   Rehearing denied April 5, 1945

*J. K. Murray,* for respondent.

*W. C. Crawford,* for appellant.

Burr, J. This appeal presents two propositions for determination. The first deals with the contention of the respondent that there is nothing for this court to review.

The case was tried to a jury and at the close of the testimony both sides moved for a directed verdict. Having done so, they consented to the discharge of the jury and upon the testimony presented the court made findings of fact, conclusions of law, and ordered judgment for the plaintiff. From the judgment the defendant appealed.

Having appealed from the judgment, appellant may have reviewed all errors appearing on the record. See Wilson v. Kryger, 29 ND 28, 149 NW 721. The record shows the facts as found by the court, the conclusions of law based thereon, and the judgment rendered. On this appeal we are required to determine whether the conclusions of law set forth by the trial court and the judgment based thereon are correct. There is no merit in the first contention.

The second proposition involves the question: "When does a cause of action accrue against an abstracter for his mistake in certifying there were no mechanics' liens then on record?"

In 1931 the First National Bank *of* Mott (termed the first bank) had a mortgage on land in Adams County. Thereafter the mortgagor erected frame buildings on the land and on January 23, 1933, mechanics' liens were filed by the lumber company and the contractor. This first bank became insolvent and a conservator was appointed. The conservator purchased from the defendant an abstract of title to the land, certified to by the defendant on the 20th day of October, 1933, to the effect "that there are no unsatisfied mechanics' liens or notice of intention to file mechanics' liens, filed in the office of said Clerk of District Court against said land . . . ." He then sold this mortgage to the First National Bank *in* Mott (termed the second bank) on March 26, 1934, this bank relying on this abstract and assuming the buildings were free.

This second bank commenced an action to foreclose the mortgage and at that time these mechanics' liens were discovered, aggregating $2466.76. In this action it was determined the lienors held valid liens for the amount stated and the judgment permitted the holders of the liens to remove the buildings from the premises, and the bank received a sheriff's deed to the land. On June 12, 1940, this second bank sold the land to the plaintiff herein, and also any cause of action against the abstracter for its failure to note the existence of these liens.

In April, 1941, the plaintiff, here termed the third bank, commenced this action to recover damages arising from failure to note the existence of these liens. In the complaint, plaintiff sets forth these and other facts. There is no allegation of fraud in the complaint. The complaint shows that there were mechanics' liens on record and that the certificate stated there were no mechanics' liens on file. Other than that, the only suggestion of fraud arises inferentially from the statement made in the complaint that this second bank "did execute and deliver to the plaintiff a proper conveyance for said property and assignment of said cause of action against the defendant growing out of *said false and erroneous abstract and certificate thereto attached* as aforementioned; . . ." There is no allegation of actual or constructive fraud in the complaint.

The defendant answered and, among its various defenses, set forth: " . . . more than 6 years has elapsed since the furnishing of the said abstract. That whatever claim (there is?) against this defendant by the First National Bank of Mott, or its successor in interest is barred by the Statute of Limitations and the benefits of provisions of said statute is hereby claimed and asserted as the defense to the recovery of any damages by this plaintiff."

The facts with reference to the filing of the liens, the purchase and delivery of the abstract, the transactions between the three banks, and the time of the commencement of this action are all in the record on this appeal. Therefore we are required to determine the validity of the defense of the running of the statute of limitations.

In the findings of fact, the trial court states it "does hereby adopt each and every allegation in the complaint as its Findings herein and makes same a part hereof with the same force and effect as if each and

every allegation in said complaint was fully set out herein;" and "that the Court makes a part of its Findings its memorandum of opinion . . . filed in the above entitled action."

In this memorandum opinion, the court specifically finds fraud, though no fraud is pleaded. The trial court held that our statute did not fix the liability of abstracters except so far as the provision with reference to filing a bond throws light thereon and in his memorandum opinion comes to the conclusion that because the bond is conditioned upon the payment of all damages that may be sustained or accrue to any person by reason of the error, deficiency, or mistake and because of the holding of this court in Morin v. Divide County Abstract Co. 48 ND 214, 183 NW 1006, the liability of the abstracter arises on the statute and not on a contract. Its holding is based largely upon an Idaho case hereinafter cited to the effect that while a party would have the right to sue on the contract he could waive his right to sue upon the bond and bring his action directly against the abstracter, as is done in the case at bar.

We do not hold in Morin v. Divide County Abstract Co. supra, that because the abstracter was liable on his bond for "any and all damages that may be sustained by or accrued to any person by reason or on account of any error, deficiency or mistake in any abstract or certificate of title . . . made and issued" by him that therefore the action was one in fraud or that the relations between the abstracter and the one for whom he made and delivered the abstract were any but contractual. That issue was not involved in the case. The only issue involved in the case cited, so far as the nature of the action was concerned, was whether the abstract company had in fact made an error and if so how much would be the damages. In this case cited, we say expressly:

"For the purposes of this action, it is immaterial whether damages be allowed as for the breach of an obligation arising from contract, or for the breach of an obligation not arising from contract. In either case the plaintiff is entitled to recover such damages only as will compensate him for all the detriment proximately caused by the breach."

This case is no authority for the claim that because a person seeks to

recover damages against an abstracter for an omission the action therefore is one in fraud.

In this case at bar, we are not dealing with a situation where the abstracter attempted to deceive, or willfully suppressed any fact, or deliberately certified to something he did not believe to be true, or gained an advantage by reason of the mistake, or showed any of the other indicia of fraud. Nowhere do the facts show the plaintiff attempted to prove or even claim any such condition. We are dealing simply with a case where an abstracter contracted to furnish an accurate abstract of title and by failing to do so damaged one who afterwards assigned the cause of action to another.

The abstracter's liability because of error in the abstract is not one of tort. The abstracter was obligated to furnish a true and correct document showing the condition of the title as revealed by the records. See Abstract & Title Guaranty Co. v. Kigin, 21 Ala App 397, 108 So 626; Mitchell v. California-Pacific Title Ins. Co. 79 Cal App 45, 248 P 1035, 1037; Bridgeport Airport v. Title Guaranty & T. Co. 111 Conn 537, 150 A 509, 71 ALR 345; Sickler v. Indian River Abstract & Guaranty Co. 142 Fla 528, 195 So 195; Economy Bldg. & L. Asso. v. West Jersey Title & Guarantee Co. 64 NJL 27, 44 A 854; Equitable Bldg. & L. Asso. v. Bank of Commerce & T. Co. 118 Tenn 678, 102 SW 901, 904, 12 LRA(NS) 449, 455, 12 Ann Cas 407; Bremerton Development Co. v. Title Trust Co. 67 Wash 268, 121 P 69; Douglas v. Title Trust Co. 80 Wash 71, 141 P 177; Murphy v. Fidelity Abstract & Title Co. 114 Wash 77, 194 P 591, 593; Peterson v. Gales, 191 Wis 137, 210 NW 407, 47 ALR 956, 26 NCCA 217, 1 Am Jur 170, Abstracts of Title; 1 CJS 393.

Warvelle on Abstracts (page 10) states:

"There exists some confusion with respect to the character of the liability of an examiner who has made an erroneous search resulting in injury to the client, as well as to the remedies that may be resorted to in such a case. The better opinion, however, and that which seems to be supported by legal reason, is that such liability is strictly contractual, and, notwithstanding that the examiner may have violated a duty which he owed to the client, and that such violation was an act of culpable neglect, yet such neglected duty was alone imposed by the con-

tract and does not involve a tort in the proper interpretation of that term. Upon an undertaking of this kind the examiner owes no duty to the client apart from the contract, and the fact that the contractual act has been negligently performed does not change the situation or alter the relation of the parties."

One of the most exhaustive cases on this subject is that of Phœnix Title & T. Co. v. Continental Oil Co. 43 Ariz 219, 29 P(2d) 1065, already cited. Here the issue is not clouded by any rights accruing to a person because he might be within the scope covered by any bond furnished by the abstracter. It is a clear-cut question between the abstracter and the one who hired him to furnish the abstract. But the Arizona court goes exhaustively into the relations between an abstracter and its client and after considering the whole issue, the court says:

"It is agreed by all the authorities that the liability of an abstracter for damages resulting from the honest mistakes is based upon contract, and not upon tort . . . . The general principle is so thoroughly established that it would seem unnecessary to cite any cases in support thereof."

We cite this list of cases because of the holding of the trial court that this is an action for fraud, to which we refer later.

Such an action on contract must be commenced within six years after the cause of action has accrued. Comp Laws, §§ 7373 and 7375, Rev Code 1943, § 28–0116. The right of action accrues when the mistake is made and the abstract delivered, and not from the time the damage accrued. Lattin v. Gillette, 95 Cal 317, 30 P 545, 29 Am St Rep 115; Lilly v. Boyd, 72 Ga 83; Russell & Co. v. Polk County Abstract Co. 87 Iowa 233, 54 NW 212, 43 Am St Rep 381; Arnold v. Barner, 91 Kan 768, 139 P 404, Ann Cas 1915D 446, 6 NCCA 965; Schade v. Gehner, 133 Mo 252, 34 SW 576; Garland v. Zebold, 98 Okla 6, 223 P 682. And this rule has been applied also to one who purchases the land relying on the abstract, even though he is not the one for whom the abstract was made. See Arnold v. Barner, 91 Kan 768, 139 P 404, Ann Cas 1915D 446, 6 NCCA 965, supra.

Originally an abstracter was liable to his employer only. Murphy v. Fidelity Abstract & Title Co. 114 Wash 77, 194 P 591, supra; Peterson v. Gales, 191 Wis 137, 210 NW 407, 47 ALR 965, 26 NCCA

217, supra. Much has been said in argument regarding the extension of the liabilities of an abstracter because of the requirements of § 43–0111, Revised Code 1943, which requires a bond with specific conditions as to persons to whom the abstracter owes a duty. When the statute requires a bond conditioned as ours does, to-wit: "The bond shall be conditioned for the payment by the abstracter of any and all damages that may be sustained by or that shall accrue to any person by reason or on account of any error, deficiency, or mistake in any abstract or certificate of title, or continuation thereof, made and issued by the abstracter," such statute "widens the sphere of an abstracter from that of the common law and under it an abstracter vouches for the correctness of an abstract compiled and certified by him." Scott v. Jordan, 55 Okla 708, 155 P 498. See also Phœnix Title & T. Co. v. Continental Oil Co. 43 Ariz 219, 29 P 2d 1065; Goldberg v. Sisseton Loan & T. Co. 24 SD 49, 123 NW 266, 140 Am St Rep 775. But this merely enlarges the class to whom the abstracter is liable. It does not affect the nature of the liability, even though sureties justify every five years. As said in Garland v. Zebold, 98 Okla 6, 223 P 682, supra, "It is merely a collateral security for the enforcement of the cause of action." In Turbett v. Marty, 122 Kan 149, 251 P 182, 183, it is held the fact that an abstracter is required to give a bond every five years does not even limit the term of his liability or that of his bond. The terms of liability are not fixed by the giving of such a bond, nor does the statute change the relationship to one in tort.

There may be a question as to the date when the cause of action of the second bank accrued. Was the bank barred by the rule which declares the cause of action accrued when the abstract was delivered to the employer and not when the mistake was discovered and damages resulted? This date was October 20, 1933. Because of the provision in the bond the second bank is covered. Did its cause of action accrue when it bought the land relying upon the abstract? This date is March, 1934.

We need not determine this question of these dates in this action as this lawsuit was not commenced for more than six years after March, 1934.

The plaintiff was not misled by any mistake in the abstract. It is

not suing for any such damages accruing to it. The mortgage was bought by the second bank in March, 1934, on the strength of the abstract. That bank was misled and had a cause of action, which accrued as early as March, 1934, at least, and this is the only interest plaintiff has.

The plaintiff made two separate and distinct contracts with this second bank—one for the land and one for the right of action which this second bank had against the defendant because of the mistake in the abstract. This lawsuit is based on the assignment of this right. Its purchase of the land gave it no right of action against the defendant. Thus, any suggestion of a continuing liability of the abstracter to subsequent purchaser, so long as the abstract is outstanding and so long as that subsequent purchaser relies thereon, has no bearing on this case. The question of continuing liability is well determined in Russell & Co. v. Polk County Abstract Co. 87 Iowa 233, 54 NW 212, 43 Am St Rep 381, supra. Thus, in determining the right of the plaintiff, we confine ourselves to whatever cause of action the second bank had against the defendant.

Plaintiff relies strongly upon the principle set forth by the Supreme Court of Idaho in Hillock v. Idaho Title & T. Co. 22 Idaho, 440, 126 P 612, 42 LRA(NS) 178, and this case seems to have impressed the trial court strongly. In this case cited, the facts are quite similar to those at bar, but the pleadings differ. According to the opinion of the Idaho court, the action was brought on the theory that the abstract company had issued a false certificate and the action was one for relief on the ground of constructive fraud. Therefore the cause of action did not accrue until the discovery of the fraud or mistake which caused the injury. The Idaho court held this was determined by § 4050 of the Idaho Revised Codes, practically identical with our § 7375 subd 6 of the Comp. Laws of 1913, being § 28–0116 of the Revised Codes of 1943.

There is no fraud charged in this case at bar and even if fraud were charged the facts as found would not sustain any such charge.

The Idaho court reviews a large number of decisions dealing with the liability of an abstracter and says, "The respondent . . . contends that it is an action upon contract. . . . The concrete cases

against abstract companies seem to be generally with the position taken by the respondent." The Idaho court very readily admits that its decision is against the great weight of authority. However, it does show, or attempts to show, that there is a marked difference between the Idaho issue and those set forth in "the great weight of authority" in this: That the Idaho case is based upon the ground of fraud and coming before the court on a demurrer the facts alleged are assumed to be true. In support of this distinction made, the Idaho court refers to the Iowa case of Russell & Co. v. Polk County Abstract Co. 87 Iowa, 233, 54 NW 212, 43 Am St Rep 381, supra, wherein that court said:

"The petition is without allegations to bring the case within the provisions of the latter section (the section dealing with discovery of fraud), and hence we are to inquire when the cause of action accrued without reference to its being grounded on fraud or mistake."

With us, mere mistake does not constitute fraud, nor does a breach of duty constitute constructive fraud unless coupled with the gaining of an advantage by the person in fault. Section 5850, subd 1, Comp. Laws, being § 9-0309, Revised Code of 1943.

This position of the trial court is not without support. In Chicago, R. I. & G. R. v. Duncan (Tex Civ App) 273 SW 908, wherein this Idaho case is cited, the court specifically states:

"The negligent failure, on part of abstracter, to include in abstract an omitted deed, which caused his employer to sustain damage, was a tort as well as a breach of contract, and employer had choice of either action."

This Texas court evidently held that the allegation in the complaint that the abstract was false and untrue was an allegation of fraud. However, this is not our law. The same court in an earlier decision— National Bank of Garland v. Gough (Tex Civ App) 197 SW 1119— stated:

"Though an abstracter is liable for damages resulting from errors or defects in an abstract compiled, furnished and certified to by him to be true, etc., his liability is contractual, therefore to be measured by the nature, extent, and terms of the employment."

The record before us shows clearly the second bank, because it was included in the class for whose protection the bond was given, had a

cause of action against the defendant that accrued not later than March, 1934; but as the action thereon was not commenced until April, 1941, and the defendant pleaded the statute of limitation in defense, the motion of the defendant for judgment should have been granted. The judgment therefore is reversed and judgment ordered for defendant dismissing the case with costs.

CHRISTIANSON, Ch. J., and NUESSLE, J., concur.

MORRIS and BURKE (concurring in the result).

Whether the liability of the defendant be termed contractual or statutory the remedy in this case is barred by a six-year statute of limitations. We therefore concur in the result.