Gary ANDERSON, a Minor, by Ella M. Anderson, His Mother and Guardian ad Litem, and Ella M. Anderson, Individually, Plaintiffs and Appellants,

v.

Torval STOKKELAND, Alvin Ramsey, Erwin Steffen, and Monroe Pittinger, Defendants and Respondents.

No. 8118.

Supreme Court of North Dakota.

Jan. 10, 1964.

Wattam, Vogel, Vogel, Bright & Peterson, Fargo, for plaintiffs and appellants.

Duffy & Bakken, Cooperstown, for defendant and respondent Torval Stokkeland.

L. A. W. Stephan, Valley City, for defendant and respondent Alvin Ramsey.

Roy A. Ployhar, Valley City, for defendants and respondents Erwin Steffen and Monroe Pittinger.

STRUTZ, Judge.

The plaintiff suffered serious personal injuries while riding as a passenger in an automobile driven by his brother, Willmar Lynne Anderson. The car in which the plaintiff was riding went out of control when, he alleges, it struck a ridge of gravel placed on the highway and negligently left without any warning signs.

The defendants Ramsey, Steffen, and Pittinger are members of a township board of supervisors. They hired the defendant Stokkeland to load, haul, and dump gravel on certain township roads. Defendant Stokkeland hauled the gravel and dumped it at places where he was directed to place it by a checker hired by the defendant township supervisors. Stokkeland's contract with the township, which was oral, did not require him to spread the gravel. Such spreading was to be done later with county equipment rented for that purpose by the township. Before the gravel had been spread, however, the accident occurred and plaintiff alleges that it was caused by the unspread gravel when the car in which he was riding hit such gravel and went out of control.

At the time the township hired the defendant Stokkeland to haul and dump the gravel, nothing was said about who would be responsible for putting up any warning signs or flags. Any negligence on the part of the defendant Stokkeland therefore could not be based on his failure to comply with the terms of the contract under which he had been hired. If there were liability on his part, it would be for breach of some statutory or common-law duty to protect the public against peril from the unspread gravel which he had hauled and had dumped on the highway.

Before the case came to trial, the plaintiff gave a covenant not to sue to the defendant Willmar Lynne Anderson, the driver of the car in which he was riding, and the defendant Willmar Lynne Anderson thus was taken out of the lawsuit.

After the evidence was submitted and both sides had rested, the trial court instructed the jury that the plaintiff had failed to prove a cause of action against the defendant Stokkeland and ordered that the complaint of the plaintiff against Stokkeland be dismissed. Thereafter, the jury found for the remainder of the defendants, the township supervisors, dismissing the plaintiff's complaint as against them, also.

The plaintiff thereupon moved for judgment notwithstanding the verdict as to the

defendants Ramsey and Steffen, and moved for a new trial against the defendants Stokkeland and Pittinger. From an order denying such motion the plaintiff takes this appeal.

Section 24-03-10 of the North Dakota Century Code provides, among other things, that, whenever a township shall gravel any road and such work shall render travel unsafe or dangerous on the highway which is being improved, the board of supervisors of such township shall place warning signs as provided in Section 24-03-09. The latter section provides that, whenever a township shall enter into a contract for the improvement of any road, such contract shall provide that suitable signs shall be placed to warn the public, and· designating the requirements to be met by such signs. It is conceded in this case that no warning signs were erected by anyone. The trial court, in the face of the above statutory requirements, obviously was of the opinion that there was no liability on the part of the defendant Stokkeland, who had hauled the gravel for the township and who was directed by the township checker where to place the gravel on the highway.

■ This court repeatedly has pointed out that trial courts ought not to direct verdicts in favor of some party to an action where there is any evidence to support the plaintiff's claim. Hadland v. St. Mark's Evangelical Lutheran Church (N.D.), 111 N.W.2d 775, at 778; Johnson v. Sebens (N.D.), 86 N.W.2d 386. However, we also have held that, where the trial court does direct a verdict in favor of a defendant, and the evidence discloses that the plaintiff had no cause of action against the defendant as to whom the case is dismissed, directing such verdict, while error, is error without prejudice and will not be disturbed on appeal.

Conceding, therefore, that directing the verdict in favor of the defendant Stokkeland was error, we must determine whether such error was prejudicial.

Section 24-03-10 clearly places the responsibility on the township supervisors for placing warning signs and flags on a project where the township is graveling a road. The primary liability for failure to place such warning signs then would be on the members of the township board. A situation might arise, however, where the person who hauls gravel and dumps ·it on the highway at places designated by an employee of the township board would, nevertheless, be liable for negligence where such dumping is done so carelessly as to create an obvious hazard to the traveling public. In such case, liability would exist in spite of the statute making the township supervisors responsible for placing warning signs. But in that .case the liability of the township supervisors, under the statute, would be as great or greater than the liability of the one hauling the gravel. In such case, the person hauling the gravel, although he was instructed where to dump each load, by his acts would create such an obvious hazard that the hauler would be required to do something to prevent injury to the public. There could be no liability on the part of the hauler, however, even under such circumstances, without liability on the part of the township supervisors.

■ In this case, the question of liability of the supervisors was submitted to the jury. The jury found that the accident and the resulting injuries to the plaintiff were not due to any negligence on the part of the supervisors. Having dismissed the case as to the township board, the jury must have found that failure of the supervisors to place warning signs did not cause the accident, for, if it had, the plaintiff as a guest in the automobile would have been entitled to recover. Any negligence on the part of the driver of the vehicle in which the plaintiff was riding would not, of course, be imputed to the plaintiff. But, if the accident occurred solely because of the negligence of the driver of the car in which plaintiff was riding, there could be no possible negligence on the part of the defendant Stokkeland, who placed the gravel where the

township supervisors directed him to place it. By finding for the township supervisors, the jury must have determined that the negligence of the driver of the vehicle in which the plaintiff was riding was the sole cause of the accident which resulted in plaintiff's injuries.

■■ Where the jury has returned its verdict for the defendant, this court must view the evidence in the light most favorable to such verdict. Fagerlund v. Jensen, 74 N.D. 766, 24 N.W.2d 816; Rokusek v. Bertsch, 78 N.D. 420, 50 N.W.2d 657; Goodman v. Mevorah, 79 N.D. 653, 59 N.W.2d 192; Pundt v. Huether (N.D.), 100 N.W.2d 431; Vaux v. Hamilton (N.D.), 103 N.W. 291; Levi v. Montgomery (N.D.), 120 N.W.2d 383.

■ In this case there was ample evidence which, if it was believed by the jury, justified the jury in finding as it did. There is evidence that the gravel had been so dumped that there was ample room for the automobile in which the plaintiff was riding to have been driven in its proper lane without striking any gravel, if the automobile had been under proper control. In fact, there is evidence that there were no marks to show that the piles of gravel had been struck until the automobile had gone out of control. When asked whether there were any indications that any car had hit the gravel, the patrolman who investigated the accident testified: "Not directly over the gravel pile, no. Just to the edge." There is evidence that the automobile in which the plaintiff was riding traveled more than eighty feet in the west, or proper, lane of traffic from the time it passed the first pile of gravel, and that it then slid sideways for another seventy-seven feet and then rolled over five times, traveling another 152 feet in the process, during which time the occupants were thrown from the car. Thus there was evidence on which the jury could have found that the actions of the driver of the car alone was responsible for the accident. Where there is any evidence to sustain the verdict of a jury, this court will not disturb the order of the court or the judgment based on such verdict.

■ The plaintiff cites the decision of this court in the case of Solberg v. Schlosser, 20 N.D. 307, 127 N.W. 91, 30 L.R.A., N.S., 1111, decided in 1910, and the case of Axelson v. Jardine, 57 N.D. 524, 223 N.W. 32, decided in 1929, in which cases we held that whether or not one contracting to make street improvements is negligent in failing to maintain barriers or to warn the public of danger is a question for the jury. These cases, argues the plaintiff, clearly indicate that the trial court was in error in directing a verdict dismissing the complaint against the defendant Stokkeland. We would point out, however, that both the Axelson case and the Solberg case were decided prior to the enactment, in 1953, of the law which now is Chapter 24–03 of the North Dakota Century Code. This latter law specifically provides that, on projects where the township is improving streets or highways, the responsibility for erecting warning signs and flags is on certain officers named by the statute. And the jury, in this case, after weighing the facts in the light of this statute, found that the members of the township board were not negligent.

We believe that the evidence in this case was insufficient to sustain a verdict for the plaintiff against the defendant Stokkeland.

■ Since the plaintiff's evidence discloses that he had no cause of action against the defendant Stokkeland, directing the jury to return a verdict for the defendant Stokkeland was error without prejudice. And, since the evidence sustains the verdict of the jury finding for the defendant township supervisors, the order appealed from is affirmed.

MORRIS, C. J., and ERICKSTAD, BURKE and TEIGEN, JJ., concur.