NORTHERN IMPROVEMENT COMPANY, a corporation, Plaintiff and Respondent,

v.

PEMBINA BROADCASTING CO., Inc., a corporation, d. b. a. KTHI–TV, Defendant and Appellant.

Civ. No. 8379.

Supreme Court of North Dakota.

Sept. 28, 1967.

Stokes, Vaaler, Gillig & Warcup, Grand Forks, for defendant and appellant.

Wattam, Vogel, Vogel, Bright & Peterson, by John Kelly, Fargo, for plaintiff and respondent.

TEIGEN, Judge.

The defendant, Pembina Broadcasting Co., Inc., a corporation doing business as KTHI–TV, hereinafter referred to as KTHI–TV, has appealed from a judgment entered on a directed jury verdict in favor of the plaintiff, Northern Improvement Company, a corporation, hereinafter referred to as Northern, in the amount of $7,500, plus interest and costs.

Northern, a construction firm, constructed a parking lot, sidewalk and approach on certain land occupied by KTHI–TV as a lessee of the owner, Dalco American Enterprises, Inc., which land and improvements were mortgaged to the Marquette National Bank of Minneapolis. The total charge for this construction was $9,500. KTHI–TV paid to Northern the sum of $2,000 and this action was brought against KTHI–TV to recover the balance of $7,500. Neither Dalco American Enterprises nor the Marquette National Bank was made a party to the action.

At the outset we are faced with a procedural problem. In taking its appeal to this court, KTHI–TV made a demand, contained in the notice of appeal, for a trial de novo. No resistance nor objection to a trial de novo was made by Northern. The ap-

pellate briefs of the respective parties were prepared, served and filed on the theory that the case was reviewable in this court de novo. At the oral argument in this court, the attorney for KTHI–TV argued that the case cannot be reviewed de novo in this court for the reason that the demand for trial de novo was not contained in the statement of the case, and, further, that the appeal does not qualify for trial de novo under Section 28–27–32, N.D.C.C., as it was tried to a jury. It also appears from the record that specifications of error were served and filed with the notice of appeal, and it is contended that our review is limited to the specifications. Following the arguments, we permitted supplemental briefs to be filed by both parties.

The plaintiff, Northern, in commencing this action demanded a jury trial. A jury was in attendance and heard the evidence adduced. At the close of the plaintiff's case, the defendant, KTHI–TV, moved for a directed verdict of dismissal which was resisted by Northern. At the close of all the evidence, both parties having rested, plaintiff, Northern, moved for a directed verdict in its favor. The defendant, KTHI–TV, made no formal objection, but renewed its motion for a directed verdict of dismissal. The following day the trial court ruled from the bench on both motions, in the absence of the jury. It denied the defendant's motion and granted the plaintiff's motion. The jury was then called back, whereupon the trial court directed the jury to execute a prepared form of verdict in favor of the plaintiff, Northern, in open court. Upon this verdict and the court's order, the judgment appealed from was entered.

The plaintiff, Northern, argued that Rule 50, N.D.R.Civ.P., which provides for the motion for directed verdict, requires that the court shall submit the issues to the jury only in the event that the adverse party objects to the motion, and that the defendant, KTHI–TV, did not object to the plaintiff's motion for a directed verdict, and that both

parties recognized and proceeded on the basis that there was no question of fact for the jury. Therefore, the case was one to be resolved as a matter of law by the trial court. In other words, where each of the parties makes a motion for a directed verdict and neither objects, the provision in the Rule that "the court shall submit to the jury the issues of all claims * * * and as to such claims the motion shall be denied" is not applicable and the trial court is at liberty to rule on the motions, as was done in this case. It also points out that the transcript of the proceedings and the nature of the defendant's, KTHI–TV, appeal by initial appeal brief are consistent with such interpretation and understanding of the proceedings before the trial court.

Rule 50(a), N.D.R.Civ.P., provides in part as follows:

At the close of all of the evidence any party may move the court to direct a verdict in his favor upon one or more claims and against one or more parties. If the adverse party objects thereto, the court shall submit to the jury the issues of all claims as to which evidence has been received upon all issues and as to such claims the motion shall be denied. A motion for a directed verdict is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. * * *

We have examined the transcript of the proceedings and find that neither party objected to the motion of the other for a directed verdict.

■ The rules specifically provide that one who makes a motion for a directed verdict does not waive a jury trial if the motion is not granted, and this is true even though all parties to the action moved for a directed verdict. However, it is noted that the court may direct a verdict in favor of the moving party if the adverse party does not object to the motion. The rule provides that when the adverse party objects, the court shall submit the issues of all claims as

to which evidence has been received to the jury and deny the motion. It follows that where both parties to an action move for a directed verdict at the close of all of the evidence, and neither objects to the motion of the other, each party by his failure to object has waived his right to a jury trial and the issues raised by the motion become questions for the court.

Our interpretation of the rule, as set forth above, is in harmony with the holdings of a majority of the jurisdictions. 88 C.J.S. Trial § 256(b); 53 Am.Jur., Trial, Secs. 341 and 342.

■ Some of the members of this court feel that under the provision of the rule which provides that when both parties to an action make motions for a directed verdict, each motion stands as an objection to the motion of his adversary. We do not so find. Under former practice in this State, if one made a motion for a directed verdict and failed to make reservations for a jury trial, in the event his motion for a directed verdict was denied, he was deemed to have waived a jury trial. The rule, as now constituted, prevents this interpretation. It is the movant who does not waive a jury trial by his motion if it is denied and this is true even though he has failed to make reservations for a jury trial.

Under our rule, if one or more parties make a motion for a directed verdict at the close of all of the evidence, the trial court, unless the adverse party objects, is at liberty to consider the motion or motions at that time and to rule thereon. But, if the adverse party objects, the trial court must deny the motion and, if the verdict is adverse to the movant, he may have his motion for a directed verdict reconsidered on a motion for judgment notwithstanding the verdict in accordance with Rule 50(b).

The rule, as adopted, changes the statutory provisions which the rule superseded only to the extent that the motion for a directed verdict does not constitute a waiver of a jury trial, although made without res-

ervation. Otherwise, the rule remains the same.

■ Interpretations of Federal Rule 50 (a) and State rules, as found in the States of Arizona, Nevada, and Colorado, are of no assistance to us because the rules in those jurisdictions do not contain the provision allowing for objection by the adverse party. Although we adopted many of the Federal Rules of Civil Procedure verbatim, we did not adopt Rule 50(a) verbatim but preserved our former procedure under the statute and added the provision that a motion for a directed verdict does not constitute a waiver of a jury trial if the motion is denied. Whether a motion for a directed verdict shall be granted where the court is not prevented from doing so, because no objection has been made, is for the decision of the trial court based on the state of the record under well-established rules.

Prior to the adoption of the North Dakota Rules of Civil Procedure in 1957, this court held in many cases that where both parties made motions for directed verdict, issues of both law and fact became questions for determination by the trial court to be decided favorably to the movant if, as a matter of law, the record so requires. The latest case is Farm Machinery, Inc., v. Bry, N.D., 82 N.W.2d 593.

Two reasons, heretofore set forth, were advanced why this appeal is not triable de novo in this court. Either or both reasons are sufficient and will not permit a trial de novo in this court on appeal.

■ Trial de novo in this court is permitted in certain cases by Section 28-27-32, N.D.C.C. It provides the appeal must be from the judgment and that the action was tried to the court, without a jury, whether triable to a jury or not. We have previously held that, in law actions tried to a court and jury and at the close of the evidence both the plaintiff and the defendant move for a directed verdict, respectively, and thereupon the issues are determined by the court, that upon appeal from such

determination to this court the same does not constitute a case tried to the court without a jury as contemplated by that statute. Wasson v. Brotherhood of Railroad Trainmen, 65 N.D. 246, 257 N.W. 635. This ruling was followed in Huffman v. Brotherhood of Railroad Trainmen, 65 N.D. 253, 257 N.W. 639, and Cloone v. Minot Building & Loan Association, 68 N.D. 543, 282 N.W. 441. There has been no change in the statute since these decisions and we see no reason to deviate from these decisions.

As to the second reason, we find that although a trial de novo was requested in the notice of appeal, it was not made a part of the settled statement of the case. This court has held that such a request and demand for trial de novo is not sufficient. To be effective under the statutes, it must be contained in the settled statement of the case. Sec. 28–27–32, N.D.C.C.; Anderson v. Blixt, N.D., 72 N.W.2d 799; Retterath v. Retterath, 76 N.D. 583, 38 N.W.2d 409.

The trial court directed the jury to return a verdict in favor of the plaintiff in the amount of $7,500, plus interest and costs. Judgment was entered accordingly in the amount of $7,998.85. This appeal is taken from the judgment. The defendant's specifications of error assigned it was error for the court to direct a verdict on the ground of insufficiency of the evidence. No particulars are specified, except that the guarantee is one of performance and not of payment and that the evidence does not establish that the plaintiff had pursued its judicial remedies against the primary obligor.

The case is not here for trial de novo. The only question before us is whether the evidence is sufficient to sustain the verdict. The trial court, in ruling on the motion for directed verdict, found that an agreement was entered into between the parties whereby the plaintiff agreed to perform the work and the defendant agreed to pay for it. Its decision was based primarily upon a letter

introduced in evidence, which letter was written by the office manager of Northern and directed to Robert Lukkason (since deceased), general manager of KTHI–TV. It contained an offer to do the work and was accepted for KTHI–TV by the said Robert Lukkason as its vice president. The defendant admits that said Robert Lukkason was the vice president and general manager of KTHI–TV, which was owned and operated by the Pembina Broadcasting Company, and that he was also a director and stockholder of said corporation on that date. The letter is as follows:

April 29, 1964

Mr. Robert Lukkason,
General Manager
KTHI TV
Fargo, N. D.

Dear Sir:

We propose to perform work at the KTHI TV station in Fargo for approximately $9,100.00.

It is our understanding that $8,100.00 is to be received on assignment from the mortgagee involved. The balance is to paid by KTHI TV. We accept the work on condition that the total amount be guaranteed to us by KTHI TV in the event the assignment from the mortgage is not effective.

If this is acceptable, please sign the acceptance below.

Very truly yours,

NORTHERN IMPROVEMENT CO.

s/ E. R. Johnson

E. R. Johnson

KTHI TV
Accepted by: s/ Robert C. Lukkason
V–P KTHI

The defendant, KTHI–TV, does not deny the letter nor the authority of its corporate officer Lukkason, nor does it dispute the amount of the demand. Its only contention is that the contract was not between

Northern and KTHI–TV but between Northern and someone else, and that KTHI–TV guaranteed collection.

The appellant, KTHI–TV, also argues that the letter is ambiguous and that it should be construed as a guarantee of collection in view of the events which occurred after the work was completed, indicating the parties treated it as such and, therefore, argue it was error for the court not to have submitted the question to the jury.

■ It points to evidence indicating Northern had billed Dalco for $7,500. Although the appellant does not point it out, the record also shows that Northern filed a mechanic's lien against the real property, which was owned by Dalco and occupied by KTHI–TV, and that Northern filed a claim in the bankruptcy proceedings against Dalco which were later instituted. However, it is clear from the record that Northern looked to KTHI–TV first for payment and it was not until it had met with considerable resistance and a considerable period of time had passed that it took these subsequent steps. We find that there is substantial evidence to support a finding that the parties did not treat the contract as a guarantee of collection.

■ The word "guarantee" is frequently employed in business transactions to describe, not the securing of a debt of another, but, an intention to warrant, insure, covenant, pledge or promise to be bound to perform as a primary independent function and has no reference to securing a debt or obligation of another.

LANGUAGE CONSTITUTING GUARANTY — "GUARANTEE." — The question whether a disputed writing evidences a contract of guaranty is to be determined in view of the language thereof as interpreted in the light of the attending circumstances. It has been said that in order to charge one person with the debt of another, the undertaking must be clear and explicit.

The fact that the word "guarantee" appears in the instrument indicates that the undertaking or promise was intended to be collateral to a primary or principal obligation, that is, a contract of guaranty. But the use of the term is not conclusive of the question; the writing may, nevertheless, be shown not to import a collateral obligation. The authorities recognize that the word "guarantee" is frequently employed in business transactions to describe, not the securing of a debt, but an intention to be bound by a primary or independent obligation.

24 Am.Jur., Guaranty, Sec. 5.

■ There is no reference in the letter to the debt of another and the evidence does not establish such an obligation. The use of the word "guaranteed" is not determinative of the question as to the nature of the contract, or that it was the intention of the parties that KTHI–TV was to secure the debt of another. 24 Am.Jur., Guaranty, Sec. 12.

There is no evidence that KTHI–TV agreed to stand as security for another. KTHI–TV introduced into evidence a mortgage whereby Dalco mortgaged the premises upon which the work was performed to Marquette National Bank. But there is no evidence that this is the mortgage referred to in the letter. Furthermore, if we assume that it is, there is no evidence that any part of the amount for which the mortgage was given was available for assignment by KTHI–TV or Dalco.

The mortgage is dated, executed and recorded approximately three months before the letter and states that the total amount secured is received and receipted for. It provides for additional future advances or loans not to exceed $5,000 as provided by Chapter 101, S.L. 1957. This law relates to building and loan associations and is for the purpose of allowing limited advances to protect the lien.

After a careful consideration of the evidence, we conclude the evidence is sufficient to sustain the verdict. We feel that on this record the trial court would have been in error had it found the transaction came within the provisions of Chapter 22–01, N.D.C.C., being the law of guaranty. The judgment, therefore, is affirmed.

STRUTZ, C. J., and PAULSON, J., concur.

KNUDSON, Judge (specially concurring.)

I concur in the result but do not agree with Syllabus numbered 1 wherein the court held that where both parties move for a directed verdict without objection from the other the issues raised by the motions become questions for determination by the court and *it may direct a verdict*. It is correct that this court has heretofore held that where, in a law action tried to a jury, both parties move for a directed verdict respectively the issues become questions of law for determination by the court and the court may direct a verdict accordingly or may withdraw the case from the jury and make findings of fact and draw conclusions therefrom and order judgment thereon. In many of the cases it appears that the court considered the double motions as equivalent to an *agreement to submit the case to the court*. Commercial Bank of Mott v. Adams County Abstract Co., 73 N.D. 645, 18 N.W.2d 15.

These cases were decided on the statutory law then in force relating to motions for directed verdict, judgment notwithstanding the verdict or for new trial. Chapter 204, S.L.1951; Chapter 220, S.L.1945; §§ 28–1509, 28–1510 and 28–1511, N.D.R.C.1943; Chapter 245, S.L.1935; § 7643, 1925 Supp.; and Comp.Laws of 1913. These statutes are superseded by Rule 50, North Dakota Rules of Civil Procedure, adopted April 25, 1957. Rule 50(a) provides:

At the close of all of the evidence any party may move the court to direct a verdict in his favor upon one or more claims and against one or more parties. If the adverse party objects thereto, the court shall submit to the jury the issues of all claims as to which evidence has been received upon all issues and as to such claims the motion shall be denied. A motion for a directed verdict is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor, and if the insufficiency of the evidence is specified the motion shall point out the particulars wherein the evidence is insufficient.

None of these statutes contain the following sentence which is a part of Rule 50 (a):

A motion for a directed verdict is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts.

The majority are of the opinion that the provision of Rule 50(a) requiring the adverse party to object to the motion is applicable and must be made when all parties make motions for directed verdict, as well as when only one party makes such a motion, for the adverse party to save his right to have the issues submitted to a jury. However, the provision requiring the adverse party to object to a motion for directed verdict is applicable only where such motion is made by one party. At the time this provision was adopted as a part of the statutory rule, the provision relating to motions made by all parties was not a part of the rule.

The provision in Rule 50(a) relating to motions by all parties, as follows:

A motion for a directed verdict is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts.

did not become a part of our Rules until the adoption of the North Dakota Rules of Civil

Procedure in 1957, and, no doubt, was included in the Rules to require the submission of the issues to the jury where all parties make motions for directed verdict, and thus clear up the procedural uncertainty that previously had existed.

A motion for a directed verdict made by one party after the other party has moved for a directed verdict is in direct opposition to the other motion for a directed verdict and certainly indicates that the second party objects to the motion made by the first party and ought to stand as a direct objection thereto, and, likewise, the first motion is in direct opposition to the second motion. A motion by all parties is not a waiver of a jury trial.

The sentence in Rule 50(a) relating to motion for a directed verdict by all parties is similar to the same sentence in Rule 50(a), Federal Rules of Civil Procedure, 28 U.S.C.A. The Federal courts in cases considering this Rule support our construction of our Rule that a motion for a directed verdict by all parties is not a waiver of a jury trial. See, Starfred Properties, Inc. v. Ettinger, 2 Cir., 131 F.2d 575; Vilter Mfg. Co. v. Rolaff, 8 Cir., 110 F.2d 491; Marsh v. Illinois Central R.R.Co., 5 Cir., 175 F.2d 498.

And in 5 Moore's Federal Practice, § 50.05[2], at page 2345, the text writer said:

The sentence in question meant only to change the former federal practice requiring an express or implied reservation of rights against waiver where cross-motions for a directed verdict were made. Under the present practice, a motion by each side for a directed verdict no longer amounts to a waiver of jury trial.

In Zaks v. Elliott (C.C.A. 4, 1939), 106 F. 2d 425, the circuit court in interpreting Rule 50(b) said that the practice of withdrawing a case from a jury when both parties move for a directed verdict was abolished by Rule 50(b), the court saying:

That rule permits the trial court to reserve its decision on a motion for a direct-

ed verdict until after the jury has returned its verdict, but does not authorize withdrawing the case from the jury entirely. The action of the court resembled the old practice, now abolished by Rule 50(b), of withdrawing the case from the jury when both parties move for a directed verdict.

I believe the trial court was in error in directing the verdict for the plaintiff but that this was error without prejudice. I am of the opinion that the evidence is sufficient to sustain the verdict and that upon a motion for judgment notwithstanding the verdict, had this matter been submitted to the jury, and a verdict for the defendant rendered, on appeal this court would have had to reverse the jury's verdict and render a judgment for the plaintiff.

Where trial court erroneously directs verdict for a defendant, but it appears that defendant would have been entitled to judgment notwithstanding the verdict had the jury returned a verdict against such defendant, the error of the trial court was without prejudice, and action of trial court will not be disturbed on appeal.

Anderson v. Stokkeland, 125 N.W.2d 665 (N.D.1964).

ERICKSTAD, Judge (concurring specially).

I concur in Judge Knudson's view that the trial court erred in directing the verdict for the plaintiff. When opposing parties make opposing motions for directed verdicts, each party is thereby objecting to the direction of the verdict for the other. Under those circumstances, pursuant to Rule 50(a), N.D.R. Civ.P., the trial court must submit to the jury the issues of all claims as to which evidence has been received.

I am not convinced that the error is without prejudice and am reluctant to so conclude, lest, in so doing, I encourage this practice in the future. Because I am in the

minority in this case, however, I believe that no worthwhile purpose would be served by further discussion of that issue.

The rule now established by the majority opinion creates a trap for the unwary lawyer who fails to say, "I object to the granting of my adversary's opposing motion." Unless those magic words are used, the court may grant the adversary's motion and deny his motion, in effect taking the case from the jury. Under those circumstances, and pursuant to the majority opinion, trial de novo on appeal is not available, even when demand is properly made and is contained in the statement of the case. We thus have the situation in which, upon appeal, the judge's decision in the form of a directed verdict would be reviewed as a jury verdict, rather than as a judge's decision. A verdict of the jury must be viewed on appeal in the light most favorable to it, and if there is substantial evidence to support it, it must be upheld; a judge's decision is entitled only to appreciable weight. Whether apparent from this discussion or not, the practical results are significant.