**BAKER MANUFACTURING COMPANY WHOLESALE DIVISION OF DICKINSON, North Dakota, Plaintiff and Appellee,**

v.

**KRAMER SHEET METAL, Defendant and Appellant.**

**Civ. No. 10884.**

Supreme Court of North Dakota.

July 11, 1985.

---

Malloy & Malloy, Dickinson, for plaintiff and appellee; argued by Harry L. Malloy, Dickinson.

Howe, Hardy, Galloway & Maus, Dickinson, for defendant and appellant; argued by Michael J. Maus, Dickinson.

MESCHKE, Justice.

Defendant Kramer Sheet Metal, general contractor, appeals from a judgment against it of $7,103.09 in favor of Baker Manufacturing Company, supplier, for the balance due on a boiler supplied by Baker to a subcontractor. We affirm.

Kramer contracted with the State Board of Higher Education to perform mechanical work on the Dickinson State College Classroom Addition. Kramer subcontracted some work to Dickinson Plumbing, Inc., who ordered a boiler from Baker.

After direct contacts between Baker and Kramer, Baker supplied the boiler in August, 1982. The College paid Kramer on its contract including for the boiler. Kramer paid Dickinson Plumbing for its work in full, although later checks of February 14, 1983, of $3,000 and of March 7, 1983, of $2,000, were two-party checks, payable to both Dickinson Plumbing and Baker, which Baker received. Baker was left with a

balance of $6,199 unpaid for the boiler. Dickinson Plumbing became insolvent.

Baker sued Kramer and its bonding company for the balance of $6,199 on the boiler supplied "at the request" of Kramer. Baker's claim against the bonding company was dismissed for reasons unrelated to this appeal. The case went to trial between Baker and Kramer. After trial, the trial court granted Baker's motion to amend its complaint to conform to the evidence, "in accordance with Rule 15(b); N.D.R.Civ.P.," to plead an oral guarantee by Kramer on which Baker performed. The trial court ordered judgment of $6,199 plus interest in favor of Baker against Kramer.

Kramer asserts three errors by the trial court:

(1) In allowing Baker to amend its complaint to conform to the evidence after trial;

(2) In finding that Kramer orally guaranteed payment for the boiler; and

(3) In determining, as a matter of law, that Kramer was liable on an oral guarantee.

■ Before beginning the trial, after receiving Baker's trial brief which asserted an oral guarantee, Kramer objected strenuously because the oral guarantee theory was not clearly stated in the complaint. However, Kramer did not request a continuance. Without ruling on Kramer's objection, the trial court conducted the trial. After trial, Kramer's counsel stated: ". . . we weren't prepared to defend on that issue. I felt obligated to present evidence because they were presenting evidence in support of that contention. It was not our intention to waive that objection. . . ."

The trial court did not ignore the objection, but told counsel for Kramer: "under Rule 15.B, . . . I will grant you a continuance if you wish to enable you to meet this evidence, if you wish a continuance." Counsel for Kramer replied, "We're not going to request a continuance." Counsel for Baker then moved "to amend the pleadings to conform with the evidence."

The trial court decided the case for Baker on the oral guarantee by Kramer, again without clearly ruling on the motion to amend the complaint. Shortly thereafter, the trial court entered a "Correction," ordering that "Plaintiff's Motion to Amend the pleadings to conform to the evidence, in accordance with Rule 15(b) N.D.R.Civ.P., is hereby GRANTED."

Rule 15(b) N.D.R.Civ.P. provides:

*"Amendments to Conform to the Evidence.* When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

We cannot say that the trial court erred in allowing amendment of the complaint, "even after judgment," as Rule 15(b), N.D. R.Civ.P. provides. Kramer had ample opportunity to obtain a continuance to present further evidence but declined it. The procedure used by the trial court in delaying rulings on amendment of the pleadings may not have been the most appropriate, but the Rule directs the court to "freely" allow amendments to the pleadings, even when the objection comes during trial if "presentation of the merits" is "subserved thereby." Kramer evidently failed to "satisfy the court that the admission of

such evidence would prejudice" it, when it failed to seek a continuance before trial, and also declined one after trial. The amendment allowed was neither so far out of time nor so far afield as to warrant reversal of the trial court.

On the issue of the oral guarantee, the trial court found:

"10. That the Plaintiff was wary of Dickinson Plumbing and Heating Co., Inc's financial stability.

"11. That for a number of years, the Plaintiff had sold goods and merchandise to Dickinson Plumbing and Heating Co., Inc. on a C.O.D. basis only.

"12. That the boiler in question was of such a monetary value that the Plaintiff would not sell it to Dickinson Plumbing and Heating Co., Inc. on an open account.

"13. That the Plaintiff, by and through Cloyd Kittilson, it's [sic] North Dakota outside salesman, and Larry Bland, it's [sic] Dickinson Branch Manager, contacted the Defendant concerning the boiler in question.

"14. That this meeting took place prior to the Plaintiff's ordering of the boiler from their supplier.

"15. That the Plaintiff would not have accepted the order from Dickinson Plumbing and Heating Co., Inc. without the Defendant's guarantee of payment.

"16. That there was no writing entered into between the Plaintiff and the Defendant evidencing the guarantee.

"17. Kittilson's recollection of the meeting and what was said is that Donald Kramer said, 'Yes, I will see to it that you get paid.'

"18. Bland's recollection of the meeting was that Donald Kramer had guaranteed the Plaintiff that they would be paid for the boiler."

 Upon review of the evidence, we cannot say that these findings are clearly erroneous. Rule 52(a), N.D.R.Civ.P. "Determining whether or not ... statements constituted a personal guarantee [is] the exclusive function of the trier of fact, the trial court;" *Ned Nastrom Motors, Inc., v.* *Nastrom-Peterson-Neubauer Company,* 338 N.W.2d 64, at 69 (N.D.1983). Mr. Kramer admitted: "They just took my word that the money was there and secured and, uh, that they would eventually get it." The conversation took place before Baker committed itself to furnish the boiler. Exact words of guarantee are not essential, where the words and circumstances are sufficient to clearly infer a guarantee. Accordingly, we affirm the trial court's findings of an oral guarantee.

Kramer urges that the Statute of Frauds bars recovery. Section 22–01–04, N.D.C.C. provides:

"Except when a guaranty is deemed an original obligation as provided in section 22–01–05, a guaranty must be in writing and signed by the guarantor, but the writing need not express a consideration."

But, § 22–01–05, N.D.C.C., identifies several situations where an oral promise becomes an "original obligation" which need not be in writing:

"A promise to answer for the obligation of another in any of the following cases is deemed an original obligation of the promisor and need not be in writing:

"1. When the promise is made by one who has received property of another upon an undertaking to apply it pursuant to such promise, or by one who has received a discharge from an obligation in whole or in part in consideration of such promise.

"2. When the creditor parts with value or enters into an obligation in consideration of the obligation in respect to which the promise is made, in terms or under circumstances which render the party making the promise the principal debtor and the person in whose behalf it is made his surety."

This Court has previously held a general contractor liable on an oral guarantee to a materialman-supplier for a subcontractor. *Austford v. Smith,* 196 N.W.2d 413 (N.D. 1972) held that the oral guarantee of a general contractor for the rent of earth-

moving machines to its subcontractor was enforceable by the lessor of the machines. Other comparable decisions enforcing an oral guarantee, which served some interest or purpose of the promisor as well, include *Ned Nastrom Motors, Inc., v. Nastrom-Peterson-Neubauer Company, supra; Nelson v. TMH Inc.*, 292 N.W.2d 580 (N.D. 1980); *State Bank of Towner, Inc., v. Rauh*, 288 N.W.2d 299 (N.D.1980); *Glock v. Hillestad*, 85 N.W.2d 568 (N.D.1957).

■ Here, the trial court concluded:

"1. That Kramer Sheet Metal received a discharge of it's [sic] contractual obligation to furnish a boiler to D.S.C. when the Plaintiff delivered said boiler.

"2. That the object of Kramer Sheet Metal was to secure a boiler to fulfill their contractual obligations and that the fulfillment of these obligations served a purpose of their own." [1]

These conclusions are supported by the findings. They fit squarely with the provisions of § 22–01–05, which makes an oral guarantee, which serves a purpose of the promisor, enforceable as an "original obligation."

Accordingly, we affirm the judgment of the trial court.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.

---

[1]. The trial court also concluded that Kramer "made partial performance on their guaranty when they caused $5,000.00 to be paid jointly to the Plaintiff and Dickinson Plumbing."