1998 ND 161

**Kenneth O. MOEN, Plaintiff and Appellee,**

v.

**Bruce W. MEIDINGER and Sherry L. Meidinger, Defendants and Appellants.**

**Civil No. 970308.**

Supreme Court of North Dakota.

Aug. 25, 1998.

Janet Holter Zander, of Zander Law Office, P.C., Williston, for plaintiff and appellee.

Sean O. Smith, of Tschider & Smith, Bismarck, for defendants and appellants.

MARING, Justice.

[¶ 1] Bruce W. Meidinger and Sherry L. Meidinger appealed a judgment awarding Kenneth O. Moen $15,000, plus interest, costs, and disbursements in Moen's suit to enforce Meidingers' alleged guaranty of a debt owed by their corporation, Dakota Farm & Home, Inc. (Dakota). We conclude the trial court's finding Moen reasonably believed Meidingers personally guaranteed Da-

kota's debt is clearly erroneous, and we reverse.

[¶ 2] With a bank loan underwritten by the United States Small Business Administration (SBA), Meidingers bought the assets of Econo Farm & Home Centers, Inc. (Econo), and transferred them to Dakota in 1984. Meidingers individually guarantied the SBA loan. Meidingers executed a $15,000 promissory note by Dakota to Moen, an Econo shareholder. Dakota and Moen executed a standby agreement on an SBA form, whereby Moen agreed not to enforce the $15,000 note without prior written consent of the lending bank.

[¶ 3] In 1986, Dakota received an $84,500 disaster loan from the SBA. Meidingers guarantied payment of this debt on an additional SBA guaranty form. Dakota and Moen also executed a new standby agreement on an SBA form, whereby Moen agreed not to enforce or collect the 1984 note for $15,000 without the SBA's prior written consent. The 1986 standby agreement said:

> 1. There is owing by Borrower to Standby Creditor the amount of <u>Fifteen thousand and no/100</u> Dollars ($15,000.00) ~~without interest~~ * with interest at the rate of 10 per cent per annum from <u>March 28, 1984</u> * (which amount and all interest, if any, now and hereafter owing thereon, are in this Agreement collectively called "Claim"). The Claim is not evidenced by any promissory note, bond or other written obligation of any kind whatever except, <u>Promissory Note.</u> A true and correct copy of each such note, bond or other written obligation (if any), is annexed hereto and made a part hereof. ~~The name of each endorser, guarantor and surety (if any), liable upon the Claim, or any part thereof, is as follows:~~

The words "without interest" and the last sentence in Paragraph 1 in the printed form were lined out. Meidingers signed the 1986 standby agreement as President and Secretary of Dakota. Meidingers also signed that agreement in this manner:

Guarantors, Endorsers, Sureties

/s/ <u>Bruce W. Meidinger</u>
Bruce W. Meidinger
Individually

/s/ Sherry L. Meidinger
Sherry L. Meidinger
Individually

[¶ 4] In an appeal from a summary judgment for Moen, we reversed and remanded for trial, holding:

> [T]he standby agreement is ambiguous on whether or not Meidingers individually guarantied the debt of Dakota to Moen. This leaves a question of fact to be determined with extrinsic evidence at a trial.

*Moen v. Meidinger*, 547 N.W.2d 544, 547 (N.D.1996) (*Moen I*). After a trial in which the parties introduced extrinsic evidence to clarify their "ambiguously expressed intentions," *Bohn v. Johnson*, 371 N.W.2d 781, 788 (N.D.1985), the trial court found:

> 5. ... Bruce W. Meidinger and Sherry L. Meidinger did not intend to personally guarantee the debt to Kenneth O. Moen but Kenneth O. Moen believed that he was receiving a personal guarantee through the July 24, 1986 Standby Agreement. Neither party communicated their position with regard to the issue of a personal guarantee to the other party.

> &ast; &ast; &ast; &ast; &ast; &ast;

> 9. No evidence was presented at trial which could lead the Court to conclude that the parties had a mutual understanding that either the debt was personally guaranteed or that it was not.

> 10. The evidence at trial did establish that Bruce W. Meidinger and Sherry L. Meidinger were the parties responsible for preparation of the Agreement; for that reason, the Agreement must be construed against them.

> 11. Kenneth O. Moen reasonably believed Bruce W. Meidinger and Sherry L. Meidinger were personally guaranteeing the debt.

The court concluded Meidingers "signed a personal guarantee," and judgment was entered for Moen. Meidingers appealed.

[¶ 5] Whether or not statements constitute a personal guaranty is a question of fact. *Ned Nastrom Motors, Inc. v. Nastrom–Peterson–Neubauer Co.*, 338 N.W.2d 64, 69 (N.D.1983). "Exact words of guarantee are not essential, where the words and circumstances are sufficient to clearly infer a guarantee." *Baker Mfg. Co. v. Kramer Sheet Metal*, 371 N.W.2d 149, 152 (N.D.1985). However, " 'to charge one person with the debt of another, the undertaking must be clear and explicit.' " *Northern Improvement Co. v. Pembina Broadcasting Co., Inc.*, 153 N.W.2d 97, 103 (N.D.1967), quoting 24 Am. Jur., *Guaranty*, § 5. "[F]or an instrument to be enforceable as a guaranty, it must show, with reasonable clarity, an intent to be liable on an obligation in case of default by the primary obligor." *Park Creek Associates, Ltd. v. Walker*, 754 S.W.2d 426, 428 (Tex. App.1988). "[C]ourts generally attempt to determine whether the words used—against the background of the circumstances which surrounded the use of those words—would cause the creditor reasonably to believe that the promisor had agreed to answer for a principal obligation on the part of another person." 38 Am.Jur.2d, *Guaranty* § 5 (1968).

[¶ 6] The trial court's findings about the parties' subjective intentions and beliefs, and Meidingers' responsibility for preparing the standby agreement do not clear up the ambiguity we found in *Moen I*. "To create an enforceable contract, there must be a mutual intent to create a legal obligation." *Lire v. Bob's Pizza Inn Restaurants, Inc.*, 541 N.W.2d 432, 434 (N.D.1995). The parties' mutual assent to a contract is determined by their objective manifestations of contractual assent. *Id.; F.D.I.C. v. Jahner*, 506 N.W.2d 57, 61 (N.D.1993). "It is the words of the contract and the manifestations of assent which govern, not the secret intentions of the parties." *Amann v. Frederick*, 257 N.W.2d 436, 439 (N.D.1977).

[¶ 7] Moen testified Bruce Meidinger telephoned him about signing a second standby agreement and he agreed to meet Bruce Meidinger in Sidney, Montana; Bruce Meidinger did not forward the second standby agreement before the meeting, but brought it with him; after reviewing the agreement, he felt he would be more secure; and he did not discuss the issue of Dakota Farm's debt with Sherry Meidinger. Moen further testified on cross-examination about the meeting with

Bruce Meidinger when he signed the 1986 standby agreement:

Q   Did he assure you that he would personally pay that or did he just assure you that you would get money from Dakota Home and Farm, Inc.?

A   He gave me the form and I noted it was on there so I didn't have to ask him.

Q   You didn't talk about a guarantee with Mr. Meidinger?

A   He put it in writing and that was good enough for me.

Q   I am asking you, sir, if you could just answer the question.

A   I don't recall in our chitchat exactly what was said. He presented the paper and I saw it there with my own eyes and that was good enough for me.

[¶ 8] Bruce Meidinger testified he did not discuss "guarantees of payment" in his telephone conversation with Moen; he did not "at any time personally discuss with Mr. Moen personal guarantees related to the Dakota Farm debt due and payable to him in the amount of $15,000;" the "strike out" in Paragraph 1 was on the form when Moen signed it; Moen never demanded that he personally guaranty the $15,000 corporate debt; and he did not "at any time promise either verbally or in writing to answer for the debts Dakota Farm and Home had owing to Mr. Moen."

[¶ 9] The trial court asked Moen: "Why did you think you would get a personal guarantee before Mr. Meidinger got to Sidney? Can you answer that question?" Moen answered: "No, I can't answer it."

■ [¶ 10] A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence the reviewing court is left with a definite and firm conviction a mistake has been made. *Gierke v. Gierke*, 1998 ND 100, ¶ 15, 578 N.W.2d 522. In light of the testimony of the parties after the remand in the first appeal, we conclude Moen could not reasonably have thought Meidingers were personally guarantying the $15,000 debt Dakota Farm owed Moen by signing their names under the words "Guarantors, Endorsers, Sureties" on an SBA form on which the following sentence had been lined out: "The name of each endorser, guarantor and surety (if any), liable upon the Claim, or any part thereof, is as follows: _____." Our review of the evidence has left us with a definite and firm conviction that a mistake has been made in finding Moen reasonably believed Meidingers were personally guarantying Dakota Farm's $15,000 debt to Moen when he signed the second standby agreement in 1986. The finding is, therefore, clearly erroneous, and there is no support for the trial court's conclusion Meidingers "signed a personal guarantee."

[¶ 11] The judgment is reversed.

[¶ 12] VANDE WALLE, C.J., and MESCHKE, J., and GEORGIA DAWSON, District Judge, concur.

GEORGIA DAWSON, District Judge, sitting in place of SANDSTROM, J., disqualified. Immediately prior to oral argument NEUMANN, J., disqualified himself.